[Civ. No. 24105. Fourth Dist., Div. One. July 2, 1981.]

GENE D. HOLDER et al., Plaintiffs and Appellants, v.
SHEET METAL WORKER'S INTERNATIONAL ASSOCIATION
et al., Defendants and Respondents.

322

**COUNSEL**

Scott J. Raymond for Plaintiffs and Appellants.

Rose, Klein & Marias and Jerrold A. Block for Defendants and Respondents.

**OPINION**

**WIENER, J.**—There have been varying degrees of publicity given to the two-, three- and five-year periods limiting the time within which a case must be brought to trial or otherwise dismissed pursuant to Code

of Civil Procedure section 583.[1] The "five-year" provision of subdivision (b) has now become part of the parlance of the trial bar as court congestion seems to have made the "five-year" case the rule rather than the exception. The present case involves the less publicized three-year provision of subdivision (c) pertaining to the time within which a case must be brought to trial after reversal on appeal. As we shall explain, despite the apparent mandatory language of that subdivision, a trial court may not be deprived of its power to exercise discretion where there are circumstances warranting the application of waiver or estoppel. We reverse the judgment in order to permit a trial on the merits.

*Factual and Procedural Background*

Gene D. Holder and Gene's Heating and Air Conditioning (Holder) sued a labor union and two of its officers (Union) on various theories requesting compensatory and punitive damages. Following appellate review of the judgment, the remittitur was filed in the superior court on

---

[1]All statutory references are to the Code of Civil Procedure. All subdivision references are to section 583 unless otherwise specified. Section 583 provides in pertinent part: "(a) The court, in its discretion, may dismiss an action for want of prosecution pursuant to this subdivision if it is not brought to trial within two years after it was filed. The procedure for obtaining such dismissal shall be in accordance with rules adopted by the Judicial Council.

"(b) Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended.

"(c) When, in any action after judgment, a motion for a new trial has been made and a new trial granted, such action shall be dismissed on motion of defendant after due notice to plaintiff, or by the court of its own motion, if no appeal has been taken, unless such action is brought to trial within three years after the entry of the order granting a new trial, except when the parties have filed a stipulation in writing that the time may be extended. When in an action after judgment, an appeal has been taken and judgment reversed with cause remanded for a new trial (or when an appeal has been taken from an order granting a new trial and such order is affirmed on appeal), the action must be dismissed by the trial court, on motion of defendant after due notice to plaintiff, or of its own motion, unless brought to trial within three years from the date upon which remittitur is filed by the clerk of the trial court. Nothing in this subdivision shall require the dismissal of an action prior to the expiration of the five-year period prescribed by subdivision (b).

"(d) When in any action a trial has commenced but no judgment has been entered therein because of a mistrial or because a jury is unable to reach a decision, such action shall be dismissed on the motion of defendant after due notice to plaintiff or by the court of its own motion, unless such action is again brought to trial within three years after entry of an order by the court declaring the mistrial or disagreement by the jury, except where the parties have filed a stipulation in writing that the time may be extended."

July 7, 1977. Raymond, Holder's lawyer, first set the case for trial on May 14, 1979, but arranged for a continuance of trial to March 17, 1980. On January 17, 1980, Bloch, Union's counsel, asked opposing counsel for a continuance until the first part of June because of calendar conflicts. Bloch's letter represented he was committed to serve as a judge pro tem during Orange County Superior Court's "Settlement Week" of March 24th and to start a trial in a "five-year-case" on March 17, the same day scheduled for Holder's trial. When Holder's deposition was taken, about one month later, the parties talked further about a continuance. Holder and his counsel indicated they wished to proceed with the trial as scheduled, but as a matter of courtesy and to cooperate with opposing counsel, they would continue the case to May or June 1980.

On February 28, 1980, Bloch again wrote to Raymond recommending the latter continue the trial date to mid or late July, allowing for additional time to gather information which would be of assistance in settling the case. Bloch repeated his commitment to work during "Settlement Week" and expressed his view that it would be disruptive to recess the Holder case midway through its trial. Raymond declined Bloch's recommendation because his calendar was relatively free and both he and his client were prepared to go to trial. After contacting the superior court regarding available trial dates and being told that late July or early August would be available, Bloch contacted Raymond on March 7, 1980, told him of the available dates and his intent to move for a continuance. Motivated by professional courtesy, Raymond said he would not object to the motion which was filed three days later, March 10. The unopposed motion was granted resulting in a continuance of trial to August 18, 1980. On July 14, Bloch was successful in obtaining a dismissal on the ground that more than three years had expired from the filing of the remittitur in the superior court. Holder appeals.

### Discussion

Statutory imposition of a time limit within which a case must be brought to trial or otherwise face dismissal is grounded on the concern "that defendants faced with a lawsuit have a reasonable opportunity to locate evidence and witnesses in preparing a defense." (*Hocharian v. Superior Court* (1981) 28 Cal.3d 714, 724 [170 Cal.Rptr. 790, 621 P.2d 829].)

■ "The dismissal statutes, like statutes of limitation, 'promote the trial of cases before evidence is lost, destroyed, or the memory of witnesses becomes dimmed. The statutes also protect defendants from being subjected to the annoyance of an unmeritorious action remaining undecided for an indefinite period of time.' (*General Motors Corp.* v. *Superior Court* (1966) 65 Cal.2d 88, 91 [52 Cal.Rptr. 460, 416 P.2d 492].)" (*Crown Coach Corp.* v. *Superior Court* (1972) 8 Cal.3d 540, 546 [105 Cal.Rptr. 339, 503 P.2d 1347] disapproved on other grounds in *Hocharian* v. *Superior Court, supra,* 28 Cal.3d at p. 722, fn. 5.) This legislative policy, however, is tempered by judicial concern that subject to a plaintiff's exercise of reasonable diligence, an action should be tried on the merits wherever possible. (*Hocharian* v. *Superior Court, supra,* 28 Cal.3d at p. 724.) Where these policies conflict, the judicial policy predominates. (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193].)

Every case must be examined on its own particular facts to assure that a dismissal of an action is consistent "'with the spirit of the law and with a view of subserving, rather than defeating, the ends of substantial justice.' [Citation.]" (*Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736, 741 [329 P.2d 489].) Under circumstances where the mechanical application of apparent mandatory language of the five-year rule of section 583 would lead to unfair results, the courts have read into that section "implied exceptions" in order to avoid barring a diligent plaintiff from his day in court. (*Hocharian* v. *Superior Court, supra,* 28 Cal.3d at p. 721.)

One of the implied exceptions is the doctrine of estoppel. Our high court in discussing the "venerable doctrine of estoppel" said, "This doctrine affirms that 'a person may not lull another into a false sense of security by conduct causing the latter to forebear to do something which he otherwise would have done and then take advantage of the inaction caused by his own conduct.' [Citations.] Notwithstanding the desirability that actions be promptly filed and diligently prosecuted [citation], we have held that a defendant may be estopped from raising the statute of limitations [fn. omitted] and from urging the defense of failure to file a timely claim. [Fn. omitted.] Although cases are in conflict [fn. omitted] on whether a defendant may be estopped to seek dismissal for failure to bring an action to trial within five years (Code Civ. Proc., § 583), the most recent decision of this court upholds estoppel. [Citation.] We perceive no reason why the logic of such cases does not apply with equal force to section 581a; recognition of the doctrine

of estoppel is essential if section 581a is to be applied "'with a view of subserving, rather than defeating, the ends of substantial justice.'" [Citation, fn. omitted.]" (*Tresway Aero Inc.* v. *Superior Court* (1971) 5 Cal.3d 431, 437-438 [96 Cal.Rptr. 571, 487 P.2d 1211].)

Thus following the rationale of *Tresway*, it appears easy enough for us to hold the implied exception of estoppel should be applied to subdivision (c). The simplicity of this approach, however, is impeded by the effect, if any, to be given to the legislative determination deleting from the cited provision the phrase present in each of the other time limit provisions of sections 581a or 583. In each of those sections, the Legislature gave the parties the right to excuse the delay by stipulating in writing that the time may be extended. (See § 581a, subds. (a), (b) and (c); 583, subds. (b), (c) [the three-year rule following the granting a new trial motion where there is no appeal] and (d).) The cases have interpreted this omission as prohibiting the parties from extending the three-year limitation by agreement. (See *Good* v. *State of California* (1969) 273 Cal.App.2d 587, 590 [78 Cal.Rptr. 316]; also *Neustadt* v. *Skernswell* (1950) 99 Cal.App.2d 293, 295 [221 P.2d 694]; *Lane* v. *Davis* (1964) 227 Cal.App.2d 60, 63 [38 Cal.Rptr. 425]; *Robertson* v. *Superior Court* (1960) 180 Cal.App.2d 372, 376 [4 Cal.Rptr. 297].) ■ The question presented is whether a judicial interpretation, recognizing the implied exception of estoppel to subdivision (c), runs counter to the intent of the Legislature.

The three-year provision, although arguably mandatory, is not jurisdictional. (*Hocharian* v. *Superior Court, supra,* 28 Cal.3d at p. 721, fn. 3.) The court's power to act is not terminated by the expiration of the stated time limit. *Robertson* v. *Superior Court, supra,* 180 Cal.App.2d at page 376, holding to the contrary is accordingly not binding.

The broad language of other cases describing the language of subdivision (c) as "clear and unambiguous" and "not open to judicial interpretation," (*Neustadt* v. *Skernswell, supra,* 99 Cal.App.2d at p. 295) is somewhat misleading because these cases make reference to estoppel. (See, e.g., *ibid.*; *Skernswell, supra,* 99 Cal.App.2d at p. 295; *Lane* v. *Davis, supra,* 227 Cal.App.2d at p. 63.) In *Lane,* the court said, "There is present in this case not the slightest evidence squinting at fraud or connivance on respondents' part to have a trial date fixed at a time when the three-year period would have expired." (*Ibid.*) Inferentially, the court suggests that had such evidence been present, it would have been considered. Moreover, there exists no policy reason why the

exceptions of waiver and estoppel should be viewed and treated in a different manner than the implied exceptions of impossibility, impracticability and futility which have been construed to apply to this part of subdivision (c). (See *Good* v. *State of California, supra*, 273 Cal.App. 2d at p. 591.)

A trial court's consideration of factual circumstances pertaining to waiver or estoppel frustrates neither the judicial nor legislative policies underlying that section. When a defendant selects a trial date beyond the three-year period, he shows his willingness to excuse delay and his apparent satisfaction with his state of preparedness for trial. If the net effect of defendant's conduct is construed to be a waiver of his right to pursue his subdivision (c) motion, the primary policy of permitting a trial on the merits is satisfied. Moreover, to deny the application of estoppel is tantamount to giving a judicial imprimatur to the conduct of lawyers inconsistent with their role as officers of the court. A lawyer's word should be his bond; a lawyer's behavior should raise, not lower, all aspects of the administration of justice. Here, Bloch represented to opposing counsel he wished to continue the case for trial. In his motion for continuance he made that same representation to the court. Having made that bargain, he is bound by it. To permit him to do otherwise is unseemly. The Legislature, in depriving parties from extending this three-year limitation period of subdivision (c) did not preempt the courts of their power to regulate proceedings before them and to control lawyers in the performance of their professional obligations. Accordingly, under the circumstances of this case, a trial on the merits must be held.

*Disposition*

The judgment of dismissal is reversed and the case is remanded for further proceedings consistent with this opinion.[2]

Brown, P. J., and Cologne, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied October 2, 1981. Richardson, J., was of the opinion that the petition should be granted.

[2]The waiver by defendants of their right to assert the three-year rule following appeal does not, however, deprive the court from dismissing a case on its own motion in light of the express statutory grant of that power in the cited section. Whether the trial judges should do so will be governed by a number of factors, including administrative matters not raised in the record before us.