[Civ. No. 60930. Second Dist., Div. Five. Oct. 6, 1981.]

MARIE ROOZEN, Plaintiff and Appellant, v.
CHRISTOPHER RAMSTEAD et al., Defendants and Respondents.

COUNSEL

Robert S. Gibbs for Plaintiff and Appellant.

John F. Cobb and James H. Baggaley for Defendants and Respondents.

OPINION

**STEPHENS, Acting P. J.**—Plaintiff filed a negligence action on November 18, 1974. It was transferred from the municipal court to the superior court on March 23, 1976. In October 1979 plaintiff and defendants discussed submission of the case to arbitration and orally agreed to do so. Plaintiff signed a stipulation to that effect on December 17, 1979, but defendants at no time signed. The five-year limitation under Code of Civil Procedure section 583 had run prior to the execution of the stipulation by plaintiff and its submission to defendants.

The court concluded there was no reason, estoppel or otherwise, not to grant the motion for dismissal in accordance with section 583. We concur, there being no authority to justify a different result.

Code of Civil Procedure, section 583, subdivision (b), provides: "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended."

Code of Civil Procedure section 1141.17 states: "Submission of an action to arbitration pursuant to this chapter shall not toll the running of the time periods contained in Section 583 as to actions filed on or after the operative date of this chapter. Submission to arbitration pursuant to a court order within six months of the expiration of the statutory period shall toll the running of such period until the filing of an arbitration award."

The trial court was correct in holding that the delay herein involved was not occasioned by defendants.

Judgment affirmed.

Ashby, J., and Hastings, J., concurred.