[Civ. No. 69531. Second Dist., Div. Four. Dec. 16, 1983.]

BALBOA INSURANCE COMPANY, Plaintiff and Appellant, v. JOHN E. AGUIRRE et al., Defendants and Respondents.

COUNSEL

Harold B. Green for Plaintiff and Appellant.

Neil W. Knuppel for Defendant and Respondent.

OPINION

McCLOSKY, J.—Plaintiff Balboa Insurance Company appeals from the judgment of dismissal. That judgment followed the court's granting the motion of defendants John Aguirre and Marilyn Aguirre to dismiss this action pursuant to Code of Civil Procedure section 583, subdivision (d)[1] for failure

_____

[1]All statutory references are to the Code of Civil Procedure. All subdivision references are to section 583.

Section 583 provides in pertinent part:

"(b) Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended.

"(c) When in any action after judgment, a motion for a new trial has been made and a new trial granted, such action shall be dismissed on motion of defendant after due notice to plaintiff, or by the court of its own motion, if no appeal has been taken, unless such action is brought to trial within three years after the entry of the order granting a new trial, except when the parties have filed a stipulation in writing that the time may be extended. When in an action after judgment, an appeal has been taken and judgment reversed with cause remanded for a new trial (or when an appeal has been taken from an order granting a new trial and such order is affirmed on appeal), the action must be dismissed by the trial court, on motion of defendant after due notice to plaintiff, or of its own motion, unless brought to trial within three years from the date upon which remittitur is filed by the clerk of the trial court. Nothing in this subdivision shall require the dismissal of an action prior to the expiration of the five-year period prescribed by subdivision (b).

"(d) When in any action a trial has commenced but no judgment has been entered therein because of a mistrial or because a jury is unable to reach a decision, such action shall be dismissed on the motion of defendant after due notice to plaintiff or by the court of its own motion, unless such action is again brought to trial within three years after entry of an order by the court declaring the mistrial or disagreement by the jury, except where the parties have filed a stipulation in writing that the time may be extended."

to bring it to trial within three years after entry of any order of the court declaring a mistrial.

## FACTS

As pertinent to this appeal, the facts are as follows: On September 1, 1977, plaintiff filed a complaint for "Breach of Indemnity Agreement and Reimbursement of Surety" naming John E. Aguirre, Marilyn Aguirre, and John E. Aguirre and Marilyn Aguirre, a general partnership, as defendants. A default was taken against the individual defendants but was set aside by stipulation. The individual defendants answered. Plaintiff then filed an at-issue memorandum containing an estimate of the length of trial as three hours.

On August 31, 1978, the trial commenced. On September 1, 1978, a mistrial was declared pursuant to California Rules of Court, rule 207.1,[2] due to plaintiff's miscalculation as to the length of trial.

On November 15, 1979, both individual defendants filed a substitution of party in propria persona. The trial setting conference was held November 30, 1981, and trial was set for May 27, 1982. On March 17, 1982, defendants filed both a substitution of attorney and a motion to dismiss. That motion was heard and taken under submission on May 11, 1982, and was granted on May 19, 1982.

## CONTENTIONS

Plaintiff raises three contentions on appeal. First, it asserts that the five-year provision of subdivision (c) should apply to subdivision (d). Secondly, it contends that defendants are estopped from asserting the dismissal statute. Lastly, in its reply brief, plaintiff contends for the first time that not applying the five-year provision of subdivision (c) to subdivision (d) constitutes a denial of equal protection.

Respondent requests sanctions of $3,000 contending this is a frivolous appeal.

---

[2]California Rules of Court, rule 207.1, in pertinent part, provides: "[T]he clerk under the supervision of the presiding judge or, if none, the judge or judges shall assign a time and place for trial for short causes in which the time estimated for trial by all parties is one day or less. . . . If any such case is not completely tried within five hours of trial time, including time necessary for reading transcripts, depositions and other documentary evidence, the judge may complete the trial or in the interest of justice may declare a mistrial."

DISCUSSION

I

 We shall hold that plaintiff's first contention that "[t]he legislative scheme of the dismissal statutes will permit an interpretation so as to impose the five-year rule of subdivision (c) to subdivision (d) of section 583" is meritless.

Subdivision (c), which provides for the dismissal of an action not brought to trial within three years of the filing of the remittitur after a reversal on appeal, was enacted in 1972 (Stats. 1972, ch. 1014, § 1, pp. 1883-1884). Prior to its enactment, that subdivision, in substance, was contained in subdivision (b). In enacting subdivision (c), the Legislature added that "[n]othing in this subdivision shall require the dismissal of an action prior to the expiration of the five-year period prescribed by subdivision (b)."

The effect of the five-year provision is to prevent a mandatory dismissal of an action at a time more than three years after the filing of a remittitur but less than five years since the filing of the complaint. (See Comment, *Civil Procedure; Dismissal of Actions* (1973) 4 Pacific L.J. 315.)

Contemporaneous with the enactment of subdivision (c), the Legislature also enacted subdivision (d), involved in this case. Conspicuously absent from that subdivision is the five-year provision found in subdivision (c). We shall hold that this absence prevents the application of the five-year provision to dismissals pursuant to subdivision (d).

In *McDonough Power Equipment Co.* v. *Superior Court* (1972) 8 Cal.3d 527 [105 Cal.Rptr. 330, 503 P.2d 1338], the California Supreme Court examined the former subdivision dealing with dismissals resulting from the failure to bring an action to trial within three years of the filing of the remittitur. At that time, that subdivision lacked the five-year provision.

The *McDonough* court held that the absence of the five-year provision prevented its application to dismissals under that subdivision. The court explained that "the subdivision is clear and unambiguous in its language and mandatory in its application. Any relief for the complaints which plaintiff makes must come from the Legislature." (*Id.*, at p. 533.)

The court then noted: "Indeed the Legislature has provided just such relief by amending section 583 (Stats. 1972, ch. 1014, p. 2057, § 1). In the words of the Legislative Counsel's Digest the amendment, in pertinent part, 'Provides that mandatory dismissal requirement of action not brought to trial

within 3 years after judgment when new trial ordered is not a limitation on 5-year mandatory dismissal provision.' The amendment effected this result by leaving the five-year limitation unchanged in subdivision (b), separating the three-year limitation into a new subdivision (c) and then adding the following language to subdivision (c): 'Nothing in this subdivision shall require the dismissal of an action prior to the expiration of the five-year period prescribed by subdivision (b).'

■ " 'It is a settled principle of statutory construction that a material change in the phraseology of a legislative enactment is ordinarily viewed as showing an intention on the part of the Legislature to change the meaning of the statute. (*Twin Lock, Inc.* v. *Superior Court*, 52 Cal.2d 754, 761 [344 P.2d 788]; *People* v. *Valentine*, 28 Cal.2d 121, 142 [169 P.2d 1]; *Loew's Inc.* v. *Byram*, 11 Cal.2d 746, 750 [82 P.2d 1]; *City of Burbank* v. *Metropolitan Water Dist.*, 180 Cal.App.2d 451, 462 [4 Cal.Rptr. 757].)' (*Farmers Ins. Exch.* v. *Geyer* (1967) 247 Cal.App.2d 625, 634 [55 Cal.Rptr. 861].) The above amendment thus clearly indicates that the Legislature believed that without the benefit of such amendment the three-year provision where applicable prevailed over the five-year provision, and further buttresses the holding of this court based on the unambiguous and mandatory language of the subdivision prior to amendment." (*McDonough Power Equipment Co.* v. *Superior Court, supra,* 8 Cal.3d at pp. 533-534, fn. 5; see also *Crown Coach Corp.* v. *Superior Court* (1972) 8 Cal.3d 540 [105 Cal.Rptr. 339, 503 P.2d 1347].)

■ Turning to the case at bench, we note that clear and mandatory language is used in subdivision (d), similar to that used in the then extant subdivision discussed in *McDonough*. Recognizing this obstacle plaintiff asserts the "procedural differences between cases which are subject to subd. (c) dismissal and dismissal under subd. (d) are not distinguishable." It urges that all three situations, new trial, trial after remittitur, and retrial after mistrial require approximately the same pretrial preparation.

As a result of the supposed indistinguishable nature of the two subdivisions, plaintiff asks us to apply the five-year provision of subdivision (c), as an implied exception to subdivision (d). It cites *Denham* v. *Superior Court* (1970) 2 Cal.3d 557 [86 Cal.Rptr. 65, 468 P.2d 193], wherein the Supreme Court held that the trial court did not abuse its discretion in denying a motion to dismiss in that case for failure of plaintiff to diligently prosecute it. The court stated that "[a]lthough a defendant is entitled to the weight of the policy underlying the dismissal statute, which seeks to prevent unreasonable delays in litigation, the policy is less powerful than that which seeks to dispose of litigation on the merits rather than on procedural

grounds. (*Daley* v. *County of Butte,* 227 Cal.App.2d 380, 390 [7] [38 Cal.Rptr. 693].)" (*Denham* v. *Superior Court, supra,* at p. 566.)

While we recognize the strong policy favoring disposal of litigation on the merits, we also agree with the Supreme Court's statement in *McDonough* that "[a]ny relief for the complaints which plaintiff makes must come from the Legislature." (*McDonough Power Equipment Co.* v. *Superior Court, supra,* 8 Cal.3d 527, 533.)

In the case at bench, the Legislature enacted subdivision (c) containing the five-year provision. At the same time, it also enacted subdivision (d) without such a provision. ■ As a general rule of statutory construction "[w]here a statute on a particular subject omits a particular provision, the inclusion of such a provision in another statute concerning a related matter indicates an intent that the provision is not applicable to the statute from which it was omitted. (*City of Burbank* v. *Metropolitan Water District,* 180 Cal.App.2d 451 [4 Cal.Rptr. 757].)" (*Marsh* v. *Edwards Theatres Circuit, Inc.* (1976) 64 Cal.App.3d 881, 891 [134 Cal.Rptr. 844].)

■ We accordingly hold the five-year provision of subdivision (c) has no application to subdivision (d).

## II

■ Plaintiff's second contention is that defendants are estopped by their conduct from asserting the dismissal statute. As the court explained in *Borglund* v. *Bombardier, Ltd.* (1981) 121 Cal.App.3d 276, 281 [175 Cal.Rptr. 150], in the context of a dismissal pursuant to subdivision (b): "If a trial court encounters statements or conduct by a defendant which lulls the plaintiff into a false sense of security resulting in inaction, and there is reasonable reliance, estoppel must be available to prevent defendant from profiting from his deception."

Here, the sole evidence proffered to the trial court on the issue of estoppel was contained in the declaration of plaintiff's attorney. That declaration in pertinent part provides: "A trial setting conference was held on November 30, 1981. Defendant JOHN AGUIRRE represented himself and pleaded with the court for a continued trial date in light of his pro per status. The court then set the dates which are now in effect, i.e., Mandatory Settlement Conference on May 10, 1982; and Trial of May 27, 1982.

"Present counsel for defendants joined the case on or about January 22, 1982."

Plaintiff contends that the act of John Aguirre at the November 30, 1981, trial setting conference in urging a continuance of the trial date, coupled with the delayed filing of defendants' substitution of attorneys' form estops them from asserting the dismissal statute. Plaintiff relies on *Holder* v. *Sheet Metal Worker's Internat. Assn.* (1981) 121 Cal.App.3d 321 [175 Cal.Rptr. 313], to support its position. In *Holder* the court dismissed an action pursuant to subdivision (c). Plaintiff therein contended that because defendant, prior to the expiration of the three-year period, requested a continuance of the trial date until after the three-year period, it was estopped from relying on the dismissal section. The appellate court reversed, holding that the doctrine of estoppel, which had not been previously applied to subdivision (c) was applicable to it and held that defendant was estopped from relying on it.

We find no case applying the doctrine of estoppel to a case where a dismissal was ordered under subdivision (d). In order, however, to be consistent with the liberal approach taken in *Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431, 439 [96 Cal.Rptr. 571, 487 P.2d 1211]; *Borglund* v. *Bombardier, Ltd., supra,* 121 Cal.App.3d 276, 281, and *Holder* v. *Sheet Metal Worker's Internat. Assn., supra,* 121 Cal.App.3d 321, 326-327, we consider the facts in the light of the estoppel doctrine.

The trial court in the case at bench, found that "plaintiff . . . has not shown any reason for not bringing this matter to trial within three years except its own neglect." In its brief, plaintiff concedes that the three-year limitation under subdivision (d) expired on September 1, 1981. The acts upon which plaintiff seeks to base an estoppel occurred on November 30, 1981, and on or about January 22, 1982. Each of these acts upon which plaintiff bases its estoppel contention occurred after the expiration of the three-year period, thus readily distinguishing this case from *Holder.* We conclude that the trial court did not err in holding that plaintiff has not shown any reason for failing to bring the matter to trial within three years[3] (see *Roozen* v. *Ramstead* (1981) 124 Cal.App.3d 332 [177 Cal.Rptr. 276]) and that defendants were not estopped from relying on the dismissal section.

### III

Plaintiff's third contention is that the application of the five-year provision to subdivision (c) without also applying it to subdivision (d) amounts to a denial of equal protection of the law. This contention was not raised in the trial court and was asserted for the first time in plaintiff's closing or reply brief.

---

[3]We do not examine whether the acts upon which plaintiff seeks to base the estoppel would have been sufficient had they occurred prior to the expiration of the three-year period.

██ The salutary rule is that points raised in a reply brief for the first time will not be considered unless good cause is shown for the failure to present them before. (See *In re Marriage of Millet* (1974) 41 Cal.App.3d 729, 732 [116 Cal.Rptr. 390]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 442, p. 4405.)

" ' "It is the general rule applicable in civil cases that a constitutional question must be raised at the earliest opportunity or it will be considered as waived." [Citation.]' " (*Bidart Bros.* v. *Elmo Farming Co.* (1973) 35 Cal.App.3d 248, 263 [110 Cal.Rptr. 819], quoting *Hershey* v. *Reclamation District No. 108* (1927) 200 Cal. 550, 564 [254 P. 542].)

By waiting until its reply brief to raise this contention, plaintiff has waived it.

## IV

██ Defendants request $3,000 in sanctions from plaintiff pursuant to section 907 for the prosecution of a frivolous appeal. Defendants contend plaintiff's appeal is without merit and brought for the purpose of delay.

In *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179], our Supreme Court recently explained: "[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit. [Citation.]

"However, any definition must be read so as to avoid a serious chilling effect on the assertion of litigants' rights on appeal. Counsel and their clients have a right to present issues that are arguably correct, even if it is extremely unlikely that they will win on appeal. An appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions. Counsel should not be deterred from filing such appeals out of a fear of reprisals."

While this appeal is meritless, it is not "indisputably meritless" nor one which "any reasonable attorney would agree is totally and completely without merit." Defendants request for sanctions is therefore denied.

The judgment (order) of dismissal is affirmed.

Kingsley, Acting P. J., and Saeta, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 1, 1984.

---

*Assigned by the Chairperson of the Judicial Council.