[No. B024434. Second Dist., Div. Seven. Nov. 9, 1989.]

KIMBERLY M., a Minor, etc., Plaintiff and Appellant, v.
LOS ANGELES UNIFIED SCHOOL DISTRICT, Defendant and
Respondent.

## COUNSEL

Lane & Friedman, Barry J. Lane and Steven A. Friedman for Plaintiff and Appellant.

La Follette, Johnson, De Haas & Fesler, Alfred W. Gerisch, Jr., and Melinda W. Ebelhar for Defendant and Respondent.

Sedgwick, Detert, Moran & Arnold, Nicholas W. Heldt, Breon, O'Donnell & Miller, Margaret E. O'Donnell, Emi R. Uyehara and Nancy B. Bourne as Amici Curiae on behalf of Defendant and Respondent.

## OPINION

**WOODS (N. F.), J.**—Plaintiff appeals from an order of dismissal[1] following the court's sustaining defendant's demurrer to the first amended complaint for failure to state a cause of action against defendant under the doctrine of respondeat superior for the sexual molestation of plaintiff, a student at a school within defendant school district (hereafter District), by an employee of defendant. We affirm.

### FACTUAL AND PROCEDURAL SYNOPSIS

The first amended complaint (complaint) alleges that on November 18, 1985, when appellant was a five-year-old student at the District's Russell

---

[1] In our original opinion, we noted that although plaintiff appealed from a nonappealable order (sustaining the demurrer without leave to amend), we construed the appeal to be from an appealable order of dismissal. (*Diaz* v. *United California Bank* (1977) 71 Cal.App.3d 161, 166 [139 Cal.Rptr. 314].) We further noted that although the order of dismissal was not contained in the record on appeal, both parties agreed that it had been filed.

Elementary School, she was molested by her teacher (identified in the complaint as Doe 1) after appellant complied with the teacher's order to undress.

The complaint specifically alleges that appellant's teacher ordered appellant "to undress by either lowering or removing both her outer clothing and undergarment and did thereupon insert her finger into plaintiff's pubic area, tearing a portion of the child's anatomy and causing injury thereby."

The complaint further alleges that appellant's teacher, in the course of her contractual duties with the District, maintained strict order in the classroom during classroom hours and that the students were obligated to comply with her rules, directives and orders or risk being disciplined.

In response to the District's contention that the complaint was uncertain as to whether the District's liability was predicated upon the doctrine of respondeat superior or direct negligence, appellant answered that her first cause of action stated a claim against the District under the doctrine of respondeat superior. (Gov. Code, § 815.2, subd. (a).)[2]

The court sustained the District's demurrer without leave to amend. Appellant filed a timely notice of appeal.

In our opinion, filed December 17, 1987, we concluded that we could not say as a matter of law that appellant's injuries were inflicted by the District's employee teacher while acting outside the scope of employment, and therefore, since a teacher is entrusted with great authority, a school district might be vicariously liable for a sexual molestation perpetrated by its teacher in a classroom against a five-year-old student.

The California Supreme Court granted the District's petition for review. On August 21, 1989, the Supreme Court transferred this case to us "with directions to vacate [our] opinion and to reconsider in light of *John R.* v. *Oakland Unified School District* (1989) 48 Cal.3d 438 [256 Cal.Rptr. 766, 769 P.2d 948]."

### DISCUSSION

Appellant's contention on appeal is that the District was vicariously liable for the alleged sexual molestation of appellant by appellant's

---

[2] Government Code section 815.2, subdivision (a) provides that: "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."

teacher because the wrongful acts flowed from the exercise of the teacher's authority. The Supreme Court addressed this argument in *John R.* v. *Oakland Unified School District* (1989) 48 Cal.3d 438 [256 Cal.Rptr. 766, 769 P.2d 948].

In *John R.,* the plaintiff was a 14-year-old junior high school student, who allegedly was sexually molested by his mathematics teacher while he was at the teacher's apartment participating in an officially sanctioned, extracurricular program. (*John R.* v. *Oakland Unified School Dist., supra,* 48 Cal.3d 438, 441.)

The issue before the Supreme Court in *John R.* was "whether the school district that employed the teacher can be held vicariously liable for the teacher's acts under the doctrine of respondeat superior." (48 Cal.3d at p. 441.) ▪■■■ ■ The court held that: "the doctrine is not applicable in these circumstances and that while the school district may be liable if its own direct negligence is established, it cannot be held vicariously liable for its employee's torts."[3] (*Ibid.*)

The instant case is factually distinguishable from *John R.* in that the plaintiff in *John R.* was a 14-year-old boy, who was allegedly molested at the teacher's home, while appellant here is a younger child of 5, who was allegedly molested at school. Under the reasoning in *John R.* that is a distinction without a difference.

In *John R.,* the Supreme Court framed the question before it as "whether an employer (specifically, a school district) can be held liable for a sexual assault committed by an employee (here, a teacher) on another person (particularly, on a student committed to that teacher's supervision)." (48 Cal.3d at p. 447.) The court noted that the principal justification for the application of the doctrine of respondeat superior is to spread through insurance the risk for losses caused by the torts of employees, which as a practical matter are sure to occur in the conduct of the employer's enterprise. (*Id.,* at p. 450.)

---

[3] The original complaint alleged direct negligence against the District for negligently training and supervising appellant's teacher. The operative pleading, the first amended complaint, contains no such cause of action. For the first time, in appellant's brief on the merits to the Supreme Court, appellant suggests that if she receives an adverse decision, the matter should be remanded to the trial court so that she can amend the complaint to set forth a cause of action under a theory of direct negligence. The general rule is that points raised in a reply brief for the first time will not be considered unless good cause is shown for the failure to present them before. (*Balboa Ins. Co.* v. *Aguirre* (1983) 149 Cal.App.3d 1002, 1010 [197 Cal.Rptr. 250].)

Since appellant had already chosen to delete her cause of action for direct negligence, asserted that her complaint against the district was founded solely on respondeat superior and not raised this point before nor shown good cause for not having done so, we will not remand the matter nor provide her with an opportunity to amend her complaint.

The Supreme Court concluded that none of the reasons suggested for imposing liability on an enterprise for the risks incident to the enterprise applied to an instance of sexual molestation by a teacher. (48 Cal.3d at pp. 450-452.) The court noted that: "the connection between the authority conferred on teachers to carry out their instructional duties and the abuse of that authority to indulge in personal, sexual misconduct is simply too attenuated to deem a sexual assault as falling within the range of risks allocable to a teacher's employer. It is not a cost this particular enterprise should bear, and the consequences of imposing liability are unacceptable." (*Id.,* at p. 452.)

Accordingly, under *John R.,* appellant has no cause of action against the District for the alleged sexual molestation of appellant at school by appellant's teacher.

### DISPOSITION

The order is affirmed. Respondent to recover costs on appeal.

Lillie, P. J., concurred.

**JOHNSON, J.,** Concurring.—I agree with my colleagues the broad holding in the majority opinion of the California Supreme Court in *John R.*[1] compels reversal of this court's initial decision in the instant case. I separately concur, however, to urge the Supreme Court majority to reconsider its opinion in that case—at least the breadth of its holding—as applied to the facts of this case.

At one point I was tempted to distinguish the facts of Kimberly M. from those of *John R.* There are very real differences. John R. was 14 years old, Kimberly M. only 5 years old at the time of molestation. Anyone who has been a parent knows an adult has vastly greater dominion over a five-year-old than over a fourteen-year-old. Most five-year-olds told to undress will comply without hesitation and would submit to most forms of sexual abuse without objection, indeed without even knowing at the time they were being abused. On the other hand, a teacher's—or indeed a parent's—ability to order or otherwise compel a 14-year-old to engage in activities he or she does not want to is problematical at best. Thus the authority the teacher exerted over the five-year-old victim in the instant case was at least equal to the authority the deputy sheriff exerted over the victim in *White*[2] and far

---

[1] *John R.* v. *Oakland Unified School Dist.* (1989) 48 Cal.3d 438 [256 Cal.Rptr. 766, 769 P.2d 948].

[2] *White* v. *County of Orange* (1985) 166 Cal.App.3d 566 [212 Cal.Rptr. 493] [county liable for acts of deputy sheriff who ordered woman motorist into his patrol car and threatened her with rape and murder.]

greater than the rather tenuous influence the teacher in *John R.* could expect to wield over the fourteen-year-old in that case.

Moreover, the molestation here took place on the school grounds rather than at a remote location as it did in *John R.* This made it far easier to actually supervise the teacher-student relationship. It also created an appearance of supervision calculated to be more reassuring to the parents of five-year-olds entrusted to the care of the school system. Thus the public school not only granted the teacher the authority which she used to molest Kimberly M. but it also supplied the physical and supervisorial environment in which the molestation took place. This is a further ground on which Kimberly M. can be distinguished from *John R.*

Thus it is possible to distinguish the facts of the instant case from the facts of this recent Supreme Court authority. However, this is not enough to justify a failure to follow the holding announced in that opinion. As I had occasion to observe in a different context: "Nearly every case can be differentiated in some way from any other. Even those that are 'on all fours' with each other will not be 'on all eights' or 'on all sixteens.' The question is whether they differ in legally significant ways, that is, ways that mean the rule as announced by the Supreme Court applies to one factual situation but not to the other." (*Baccus* v. *Superior Court* (1989) 207 Cal.App.3d 1526, 1539 [255 Cal.Rptr. 781] [dis. opn.].)

In *John R.,* the Supreme Court announced an extraordinarily broad rule—essentially that for policy reasons school districts are not liable under respondeat superior for acts of sexual abuse their teachers may commit against their students. (*John R.* v. *Oakland Unified School Dist., supra,* 48 Cal.3d 438, 450-453.) Under the rule as formulated it makes no difference how much authority the teacher wields over the student, how vulnerable the student is, or where the sexual abuse occurs. It is not for an intermediate appellate court to chop away at the flanks of a Supreme Court ruling even where it disagrees with the high court's opinion or with its application to the somewhat different facts of a new case. Accordingly, I do not dissent from my colleagues in concluding *John R.* controls and requires affirmance of the trial court's dismissal of Kimberly M.'s action against the school district.

At the same time I urge the California Supreme Court to use this case as a vehicle to reconsider the scope of the majority decision in *John R.* The arguments against this broad brush rejection of liability were made most effectively in the persuasive dissenting opinions Justices Kaufman and Mosk filed in *John R.* However, those arguments gain still more power when focused on the facts of Kimberly M. Meanwhile many of the policy

arguments the majority urged in support of its position lose their force when applied to a teacher's sexual abuse of a five-year-old on school premises.

Respondent's petition for review by the Supreme Court was denied January 17, 1990. Mosk, J., was of the opinion that the petition should be granted.