Filed 2/24/26  Porter v. Redmon CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| LEANNE PORTER et al., | C101582 |
| Plaintiffs and Respondents, | |
| | (Super. Ct. No. 34-2022-00330821-CU-UD-GDS) |
| v. | |
| DWAYNE REDMON, | |
| Defendant and Appellant. | |

Defendant Dwayne Redmon appeals from an order denying his motion to set aside a default and default judgment under Code of Civil Procedure[1] section 473, subdivision (b).  The motion argued excusable neglect or mistake in failing to respond to the complaint.  The trial court denied the motion as untimely and found that Redmon's showing was insufficient to establish excusable neglect or mistake.

---

[1]    Undesignated section references are to the Code of Civil Procedure.

1

Redmon appeals, arguing the trial court erred in concluding that the six-month deadline for filing a section 473, subdivision (b) motion runs from the entry of default, not the entry of judgment. Redmon also contends the trial court erred in refusing to consider additional grounds for relief raised for the first time in his reply. Finding no error, we affirm the trial court's order.

BACKGROUND FACTS AND PROCEDURE

On or about August 21, 2017, plaintiffs Leanne Porter, et al. (plaintiffs), as lessor, and Metron Capital, Inc., also known as Elder Creek LLC (Metron), as lessee, entered a lease for the property located at 8842 Elder Creek Road, Sacramento, California. The initial term was for five years, with a monthly base rent of $16,500. In March 2018 and April 2020, the parties agreed to amendments to the lease, which, among other things, adjusted the monthly rent. Redmon, as Metron's Chief Financial Officer, signed all three lease documents on behalf of Metron.

On December 5, 2022, plaintiffs filed a complaint in unlawful detainer against defendants Metron, Redmon, and Robert Posten, seeking possession of the leased property, $45,095 in past-due rent, holdover rent in the amount of $240.62 per day, other damages in an amount to be determined at trial, plus attorney's fees and costs. A copy of the lease and the two amendments (collectively, the Lease) were attached as exhibits to the complaint. The complaint and the attached exhibits identify Metron as the sole lessee under the Lease. The complaint does not allege that Redmon is a party to the Lease, but instead that Redmon is liable as an "[a]lter ego[] of, or [person] claiming rights under, [Metron]." The complaint does not allege any facts showing how or why Redmon should be held personally liable as an alter ego of the corporate lessee.

Redmon was personally served with a summons and complaint in December 2022. When Redmon did not timely respond, plaintiffs requested entry of default, which the trial court clerk entered on January 12, 2023.

2

On February 27, 2023, plaintiffs filed a request for entry of default judgment against Redmon. In support of the request, plaintiffs submitted (1) a Judicial Counsel UD-116 form declaration for default judgment signed by plaintiff Leanne Porter (the Porter Declaration); (2) a supplemental declaration by Leanne Porter (the Supplemental Porter Declaration); and (3) a memorandum of points and authorities. The Porter Declaration stated that Redmon agreed to pay rent under the Lease, and that the Lease expired on October 31, 2022, leaving unpaid rent due. The Supplemental Porter Declaration explained the calculation of rent due at the expiration of the lease and of holdover rent. Plaintiffs requested a money judgment in the amount of $75,306.48, which included: $43,842.38 of past-due rent; $23,340.14 of holdover rent; $6,136.63 of costs and attorney's fees; and $1,987.33 of other damages. The original lease and the second amendment were attached as exhibits.

On June 20, 2023, the trial court entered a default judgment against Redmon (and Metron) in the amount of $73,963.20, comprised of: $43,842.38 of past-due rent; $23,340.14 of holdover rent; $5,319.35 of costs and attorney's fees; and $1,461.33 of other damages.

On December 18, 2023, Redmon filed a motion to set aside the default judgment pursuant to section 473, subdivision (b), which authorizes a court to "relieve a party . . . from a judgment, dismissal, order, or other proceeding taken against the party through the party's mistake, inadvertence, surprise, or excusable neglect." Redmon asserted that his failure to respond to the complaint should be excused because (1) he was not represented by legal counsel when the response was due; and (2) he was not personally involved in Metron's business dealings and had no personal liability under the Lease, and therefore mistakenly believed he was not a party to the lawsuit.

Plaintiffs filed an opposition to Redmon's motion to set aside the default judgment, arguing that the motion was untimely because it was filed more than six months after the date of entry of default and, in any event, that Redmon's mistaken belief

3

that he was not, or should not have been, individually named as a defendant was not a valid ground for relief under section 473, subdivision (b).

After a substitution of counsel, Redmon filed his reply. In the reply, Redmon argued that his motion to set aside the default judgment was timely because it was made within six months of the entry of default judgment. Redmon also argued that setting aside the default judgment would not be an idle act because no facts were alleged or proved to hold Redmon individually liable under the terms of the Lease or as the corporation's alter ego. Finally, Redmon argued that the default judgment should be set aside because it was obtained by extrinsic fraud or mistake in that the Porter Declaration falsely stated he was a party to the Lease, and thereby misled the trial court into entering the judgment against him.

The motion to set aside the default judgment was heard on March 7, 2024. Before the hearing, the trial court issued a tentative ruling denying the motion on the grounds that (1) the motion was untimely because it was filed more than six months after the entry of default, and (2) Redmon's alleged mistake was insufficient to establish grounds for relief under section 473, subdivision (b).

At the hearing, Redmon's counsel argued—consistent with his reply—that Redmon's default was the result of an excusable mistake because there were no factual allegations to support holding Redmon personally liable, either as a party to the Lease or as Metron's alter ego. Redmon's counsel also argued that the default judgment should be set aside because it was based on the false declaration that Redmon was a party to the Lease.

Noting the prohibition on raising new arguments in a reply, the trial court asked Redmon's counsel to explain how the purportedly false declaration related to the original motion to set aside the default judgment. Counsel admitted that the argument was not "in the motion," but argued that it was related to, and "indicative of," Redmon's mistake. The court also asked Redmon's counsel to explain how the asserted mistake related to the

4

default judgment, as opposed to the entry of default. Counsel responded that, because of the mistake, Redmon did not realize that he could be held personally liable until the default judgment was erroneously entered against him.

In response, plaintiffs' counsel acknowledged that if Redmon had directly appealed from the default judgment, he could have attacked the complaint as not stating a cause of action for alter ego liability. (See, e.g., *First American Title Ins. Co. v. Banerjee* (2022) 87 Cal.App.5th 37, 45.) However, because Redmon elected to challenge the judgment by filing a motion under section 473, subdivision (b), plaintiffs' counsel argued that the judgment was not vulnerable to attack for failure to state a cause of action. Plaintiffs' counsel also denied that the Porter Declaration contained a "false statement," arguing that the complaint plainly informed Redmon that he was being sued under an alter ego theory.

After taking the matter under submission, the trial court affirmed its tentative ruling in a written ruling dated May 10, 2024. The trial court refused to consider the arguments raised for the first time in Redmon's reply brief, i.e., that the complaint did not allege facts sufficient to state a cause of action for alter ego liability and that the default judgment was based on a false declaration that Redmon was a party to the Lease. The court also stated that even if such arguments had been raised in the moving papers, the court still would have denied them because Redmon's motion to set aside the default judgment was untimely, having been filed more than six months after the entry of default.

On July 11, 2024, Redmon timely filed a notice of appeal challenging the order denying his section 473, subdivision (b) motion.

DISCUSSION

I

*Relief under Section 473, Subdivision (b)*

The trial court denied Redmon's motion to set aside the default and default judgment based, in part, on a finding that the motion was untimely because it was not

5

filed within six months of the entry of default. On appeal, Redmon argues that the trial court's order should be reversed because the motion was timely filed within six months of the entry of judgment. We find no reversible error.

There are two distinct stages in a default proceeding: The entry of default and the entry of default judgment. The entry of default terminates a defendant's rights to answer the complaint or take any further affirmative steps in the litigation until either the default is set aside, or a default judgment is entered. (*Devlin v. Kearny Mesa AMC/Jeep/Renault, Inc.* (1984) 155 Cal.App.3d 381, 385-386.) The default judgment awards the plaintiff the relief demanded in the complaint. (§ 580, subd. (a); *Sass v. Cohen* (2020) 10 Cal.5th 861, 863 [the relief granted in the default judgment cannot exceed what was demanded in the complaint].)

Section 585 sets forth two options for obtaining a default judgment. (*Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 287.) In certain actions arising upon a contract or judgment for the recovery of money or damages, where the determination of damages is a purely ministerial act, the clerk may enter the default judgment for the specified amount. (§ 585, subd. (a); *Kim,* at p. 287; *Holloway v. Quetel* (2015) 242 Cal.App.4th 1425, 1432.) In other actions, such as where the complaint seeks nonmonetary relief or monetary relief in amounts that require additional evidence or the exercise of discretion, the plaintiff must request entry of judgment by the court. (§ 585, subds. (b) & (c).) In such cases, the plaintiff must provide the court with sufficient evidence to " 'prove up' " his or her entitlement to the damages claimed in the complaint. (*Ibid*.; *County of Yuba v. Savedra* (2000) 78 Cal.App.4th 1311, 1321; *Kim,* at p. 287.) Because there is no opposing party in a default judgment situation, " 'it is the duty of the court to act as gatekeeper, ensuring that only the appropriate claims get through.' " (*Fasuyi v. Permatex, Inc.* (2008) 167 Cal.App.4th 681, 691; *Kim,* at p. 272.)

A defendant who seeks to challenge a default judgment as erroneously entered has three potential avenues for relief: a direct appeal from the judgment, a motion (or action)

6

to set aside the judgment, or a collateral attack on the judgment. (*First American Title Ins. Co. v. Banerjee, supra*, 87 Cal.App.5th at pp. 43-44; *Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 829-830; see *OC Interior Services, LLC v. Nationstar Mortgage, LLC* (2017) 7 Cal.App.5th 1318, 1327; *Munoz v. Lopez* (1969) 275 Cal.App.2d 178, 183; *Rico v. Nasser Bros. Realty Co.* (1943) 58 Cal.App.2d 878, 882.) Each avenue has its own features and requirements, including time limitations on when the litigant may seek relief from the default. (*First American,* at p. 44; accord, *Falahati,* at p. 830.) For example, a direct appeal from a default judgment "must be filed within a specified time, generally not more than 180 days after entry of the judgment." (*Falahati,* at p. 830.)

Here, Redmon did not appeal from the June 20, 2023, default judgment. Instead, he filed a motion to set aside the entry of default and default judgment pursuant to section 473, subdivision (b). That subdivision vests trial courts with authority to "relieve a party or the party's legal representative from a judgment, dismissal, order, or other proceeding taken against the party through the party's mistake, inadvertence, surprise, or excusable neglect." (*Ibid*.)

A motion for relief under section 473, subdivision (b), is addressed to the trial court's sound discretion, and a ruling thereon will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. (*Martin v. Cook* (1977) 68 Cal.App.3d 799, 807.) However, the trial court's discretion is not unlimited. It must be " 'exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice.' " (*Ibid*.) Although doubts in applying section 473 generally are resolved in favor of the party seeking relief from default (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980), the moving party must show that " 'there is a proper ground for relief, and that the party has raised that ground in a procedurally proper manner, within any applicable time limits.' " (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1419; accord, *Murray & Murray v. Raissi Real Estate Development, LLC* (2015) 233 Cal.App.4th 379, 385; see *Davis v. Thayer* (1980) 113 Cal.App.3d 892, 907 [it is the

7

duty of every party to exercise reasonable diligence to avoid an undesirable judgment].) The moving party has the burden of establishing entitlement to relief by a preponderance of the evidence. (*Huh,* at p. 1423.)

By its express terms, section 473, subdivision (b), provides that a motion for relief must be made "within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." (*Ibid*.) The six-month time limit for granting relief is jurisdictional, and the court may not consider a motion for relief made after expiration of that period. (*Manson, Iver & York v. Black* (2009) 176 Cal.App.4th 36, 42.)

Here, Redmon's motion to set aside the default judgment was filed less than six months after the entry of default judgment, but more than six months after the entry of default. Thus, the key question is whether the six-month deadline allowed by section 473 commenced when the default was entered by the trial court clerk, or when the default *judgment* was entered by the trial court.

Plaintiffs argue that where, as here, relief is sought from both a default and default judgment, the six-month period runs from the entry of default, not the entry of judgment. We agree. A long line of cases supports this position. (*Jimenez v. Chavez* (2023) 97 Cal.App.5th 50, 60; *Pulte Homes Corporation v. Williams Mechanical, Inc.* (2016) 2 Cal.App.5th 267, 273; *Manson, Iver & York v. Black, supra*, at p. 42; *Sugasawara v. Newland* (1994) 27 Cal.App.4th 294, 296-297; *Weiss v. Blumencranc* (1976) 61 Cal.App.3d 536, 541.) The reason for this rule is that setting aside the judgment alone would be an idle act, since the default would remain and permit immediate entry of another default judgment. (See *Pulte Homes,* at p. 273; *Weiss,* at p. 541.)

Redmon argues that his case falls within an exception to the rule because there were no factual allegations to support holding Redmon personally liable, either as a party to the Lease or as Metron's alter ego. Because the judgment grants relief not supported

by the allegations of the complaint, Redmon contends that setting aside the default judgment would not be an idle act.

Redmon's argument has some abstract appeal. But we cannot ignore that Redmon's motion to set aside the default judgment specifically was limited to his claimed mistake in failing to timely respond to the complaint. In his motion, Redmon sought to set aside the entry of default and default judgment so that he could "reopen[]" the case and "present [his] defenses." There was no claimed mistake in failing to oppose the entry of the default judgment because plaintiffs submitted a false declaration or sought relief at the "prove up" hearing that was not supported by the allegations of the complaint. Thus, for purposes of Redmon's motion to set aside the default judgment, we agree with plaintiffs that the six-month period started to run upon the entry of default, not the entry of judgment. (See *Cisneros v. Vueve* (1995) 37 Cal.App.4th 906, 909-912 [section does not afford relief to client who, after inexcusably allowing default to be entered, hires attorney whose neglect results in default judgment].) Because Redmon filed his motion more than six months after the entry of default, the trial court properly concluded his section 473, subdivision (b) motion was not timely.

Even if Redmon could show that his motion to set aside the default judgment was timely filed, he has not carried his burden to show there was an "excusable" mistake. In support of his motion, Redmon claimed that his failure to timely respond to the complaint stemmed from his "misunderstanding regarding [his] individual naming [*sic*] in the suit," and his mistaken assumption that Metron was the sole named party. The trial court found this showing insufficient to establish an excusable mistake. In his opening brief, Redmon made no attempt to demonstrate why this was an error. Redmon has therefore forfeited the argument, which is fatal to his appeal. (*County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 861; see *Minick v. City of Petaluma* 3 Cal.App.5th 15, 24 [given the usual presumption of correctness, the party attacking a trial court ruling bears the burden

9

of demonstrating error]; *Iott v. Franklin* (1988) 206 Cal.App.3d 521, 528 [court has no discretion to grant relief if party fails to demonstrate excusable neglect or mistake].)

## II

### *Other Grounds for Relief*

Apart from section 473, courts have the inherent power at law or in equity to grant relief from a judgment that is void or was obtained through extrinsic fraud or mistake. (§ 473, subd. (d); *Aldrich v. San Fernando Valley Lumber Co.* (1985) 170 Cal.App.3d 725, 737-738; *Lovato v. Santa Fe Internat. Corporation* (1984) 151 Cal.App.3d 549, 554.) The equitable power of the court may be invoked either by a motion made in the action in which the default was taken or by an independent suit. (*In re Marriage of Baltins* (1989) 212 Cal.App.3d 66, 81; *In re Marriage of Coffin* (1976) 63 Cal.App.3d 139, 149.)

In his reply below, Redmon argued that the default judgment against him should be set aside because (1) no facts were alleged or proved to support holding Redmon personally liable for damages under an alter ego theory, and (2) plaintiffs fraudulently misled the court into entering the judgment by falsely declaring that Redmon was a party to the Lease. The trial court refused to consider these arguments because they were raised for the first time in Redmon's reply.

Redmon argues that the trial court erred in refusing to consider the arguments that he raised in his reply because the arguments were responsive to the opposition and essential to a fair adjudication of the case. We are unpersuaded.

It is well established that a trial court has broad discretion to disregard new arguments and other matters raised for the first time in a party's reply because of the potential unfairness to the opposing party, who is otherwise deprived of the opportunity to respond. (*Balboa Insurance Co. v. Aguirre* (1983) 149 Cal.App.3d 1002, 1009-1010; *High Sierra Rural Alliance v. County of Plumas* (2018) 29 Cal.App.5th 102, 111, fn. 2.) Thus, "[t]he salutary rule is that points raised in a reply brief for the first time will not be

considered unless good cause is shown for the failure to present them before." (*Balboa Insurance,* at p. 1010; accord, *High Sierra,* at p. 111, fn. 2; *Maleti v. Wickers* (2022) 82 Cal.App.5th 181, 228; *St. Mary v. Superior Court* (2014) 223 Cal.App.4th 762, 783.)

In his section 473 motion to set aside a default and default judgment, filed nearly six months after the entry of the default judgment, Redmon sought relief based solely on his asserted mistake in failing to timely respond to the complaint. Redmon's motion did not give notice that he was also seeking relief because the judgment allegedly was procured by fraud or because the complaint failed to adequately allege a claim for alter ego liability. Redmon raised these arguments for the first time in his reply, and Redmon has never shown good cause for failing to raise them earlier.

Contrary to what Redmon asserts, these arguments were not merely responsive to the points asserted in plaintiffs' opposition brief. (See *Singh v. Lipworth* (2005) 132 Cal.App.4th 40, 43, fn. 2; *Golden Door Properties, LLC v. County of San Diego* (2020) 50 Cal.App.5th 467, 559.) Rather, they advanced new and different grounds to set aside the default judgment, namely, that the judgment is void or voidable because it (1) is based on a complaint that fails to state a cause of action for alter ego liability, or (2) was procured through extrinsic fraud. The trial court did not abuse its discretion by refusing to consider new grounds for relief made for the first time in Redmon's reply.

In reaching this conclusion, we express no opinion on whether or in what manner Redmon may in the future challenge the default judgment on the ground that it is void because it is based on a complaint that fails to state a cause of action supporting personal liability, was obtained through extrinsic fraud/mistake, or awards relief in excess of that demanded in the complaint. We decide only that the trial court did not abuse its discretion in refusing to consider those arguments in relation to his motion for relief under section 473, subdivision (b).

11

## DISPOSITION

The order denying the motion to set aside a default and default judgment under section 473, subdivision (b), is affirmed. Plaintiffs shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

\s\
Krause, J.

We concur:

\s\
Renner, Acting P. J.

\s\
Wiseman, J.*

_____

\*      Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.