[No. B065135. Second Dist., Div. Three. May 27, 1993.]

VIRGINIA G., a Minor, etc., Plaintiff and Appellant, v.
ABC UNIFIED SCHOOL DISTRICT et al., Defendants and Respondents.

**COUNSEL**

Sievers & Minsky and Larry Minsky for Plaintiff and Appellant.

Atkinson, Andelson, Loya, Ruud & Romo, James Baca and Warren S. Kinsler for Defendants and Respondents.

## OPINION

KITCHING, J.—Plaintiff and appellant Virginia G., a minor, by her guardian ad litem Kathleen Navejas (Virginia G.), appeals the judgment on the pleadings entered in favor of defendant and respondent ABC Unified School District (the District) in an action for damages for personal injuries allegedly sustained by Virginia G. due to sexual molestation by a teacher.

Because Virginia G. may be able to state a cause of action against the District based on negligent hiring and/or supervision of the teacher who allegedly molested her, the judgment will be reversed.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *The Complaint.*

In her complaint, Virginia G. named as defendants the District and Does I through XX, inclusive. She alleged at all relevant times, she was a student at the District's Killingsworth Junior High School, and that each of the defendants owed her a duty of care "to supervise and ensure that all personnel employed by or through Defendants" and who worked at her school would and did perform their duties in a competent manner without causing her injury. She further alleged that defendants owed her a duty of care to ensure that no such employee would be retained if that employee "had or would cause injury to Plaintiff, or had sexually abused any child."

Virginia G. alleged on information and belief that the District's "hiring procedures did not adequately provide for the safety, security, and protections of Killingsworth students . . . in that Defendants did not require adequate background checks or fingerprinting for teachers . . . ." She alleged on information and belief that prior to the hiring of teacher Ernest Lee Ferguson (Ferguson) by the District, Ferguson had been terminated from another school "because of his sexual misconduct in relation to his then young female students."

Virginia G. alleged that in April and May 1989, while at school, she was sexually harassed and then sexually assaulted by Ferguson, who touched her breasts, buttocks, thighs, and other parts of her body. Ferguson was subsequently convicted of violating Penal Code section 288, subdivision (a).

Virginia G. alleged she sustained both physical and emotional injury requiring continuing medical treatment as a result of Ferguson's conduct.

### 2. *The Motion for Judgment on the Pleadings.*

The District moved for judgment on the pleadings on the grounds that (1) Virginia G. did not plead and could not plead the existence of any statute making the District liable for the negligent hiring or supervision of a teacher, and (2) under Government Code sections 818.2 and 820.2, the District was immune from liability arising from its alleged failure to require background checks or fingerprinting of substitute teachers. The motion was granted.

### CONTENTIONS

Virginia G. concedes her complaint is inadequate. She contends the trial court abused its discretion in entering judgment on the pleadings without first permitting her to amend the pleading to properly allege the District's negligent hiring and supervision of Ferguson.

### DISCUSSION .

### 1. *Standards Applicable to Judgments on the Pleadings.*

 " 'The motion for judgment on the pleadings performs the function of a general demurrer. Therefore, it " 'admits all material and issuable facts pleaded.' " [Citation.]' [Citation.] In addition to the facts alleged in the complaint, the court may consider matters which may be judicially noticed, including court records. [Citation.] The standard of appellate review of a judgment on the pleadings is, therefore, identical to that on a judgment following the sustaining of a demurrer. [Citation.]" (*Barker* v. *Hull* (1987) 191 Cal.App.3d 221, 224 [236 Cal.Rptr. 285].)

 In the case of either a demurrer or a motion for judgment on the pleadings, leave to amend should be granted if there is any reasonable possibility that the plaintiff can state a good cause of action. (See *Okun* v. *Superior Court* (1981) 29 Cal.3d 442, 460 [175 Cal.Rptr. 157, 629 P.2d 1369], disapproved on another point in *Milkovich* v. *Lorain Journal Co.* (1990) 497 U.S. 1, 19-21 [111 L.Ed.2d 1, 18-19, 110 S.Ct. 2695].) Where a demurrer is sustained or a motion for judgment on the pleadings is granted as to the original complaint, denial of leave to amend constitutes an abuse of discretion if the pleading does not show on its face that it is incapable of amendment. (See *California Federal Bank* v. *Matreyek* (1992) 8 Cal.App.4th 125, 130-131 [10 Cal.Rptr.2d 58].)

2. *Application of the Standards to Virginia G.'s Complaint.*

Determination of the District's liability for negligent hiring and supervision of Ferguson requires a three-part analysis. We must first determine whether the District had a duty to protect its students from sexual assaults by teachers in its employ. We must then consider whether there is a statutory basis for the District's liability, and finally, whether the District is immune from liability. (*Lopez* v. *Southern Cal. Rapid Transit Dist.* (1985) 40 Cal.3d 780, 785 [221 Cal.Rptr. 840, 710 P.2d 907]; *Rodriguez* v. *Inglewood Unified School Dist.* (1986) 186 Cal.App.3d 707, 711-712, 714-716 [230 Cal.Rptr. 823].)

a. *The District's Duty.*

"As a general rule, one owes no duty to control the conduct of another, nor to warn those endangered by such conduct. Such a duty may arise, however, if '(a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or (b) a special relation exists between the actor and the other which gives the other a right to protection.' [Citations.]" (*Davidson* v. *City of Westminster* (1982) 32 Cal.3d 197, 203 [185 Cal.Rptr. 252, 649 P.2d 894].)

In *Rodriguez* v. *Inglewood Unified School Dist., supra,* 186 Cal.App.3d 707, we recognized that "a special relationship is formed between a school district and its students so as to impose an affirmative duty on the district to take all reasonable steps to protect its students." (*Id.* at p. 715.) Thus, the District had a duty to protect Virginia G. from assaults by her teacher, Ferguson.

b. *Statutory Liability.*

"Government Code section 815 provides in part that, '*Except as otherwise provided by statute*: [¶] (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.' (Italics added.) Thus, in California, all government tort liability must be based on statute [citation]." (*Lopez* v. *Southern Cal. Rapid Transit Dist., supra,* 40 Cal.3d at p. 785, fn. 2.)

In *Rodriguez,* a high school student sued the district in which his school was located, alleging that while on the campus, he was stabbed by a nonstudent third party assailant. We concluded that even though a school district has a duty to protect students on campus from violent assaults by third parties, the district was not liable in *Rodriguez* because no statute

provided for liability. (*Rodriguez* v. *Inglewood Unified School Dist.*, *supra*, 186 Cal.App.3d at pp. 715-722.)

By contrast, in *Leger* v. *Stockton Unified School Dist.* (1988) 202 Cal.App.3d 1448 [249 Cal.Rptr. 688], the plaintiff sued *employees* of the district there involved and pursued the district on a theory of respondeat superior. Government Code section 820 provides, in subdivision (a), that except as otherwise statutorily provided, "a public employee is liable for injury caused by his act or omission to the same extent as a private person." Subdivision (a) of section 815.2 provides that the entity "is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would . . . have given rise to a cause of action against that employee . . . ." "Thus, 'the general rule is that an employee of a public entity is liable for his torts to the same extent as a private person (§ 820, subd. (a)) and the public entity is vicariously liable for any injury which its employee causes (§ 815.2, subd. (a)) to the same extent as a private employer (§ 815, subd. (b)).' [Citations.]" (*Leger* v. *Stockton Unified School Dist.*, *supra*, 202 Cal.App.3d at p. 1461.)

*Leger* held that individual school employees responsible for supervising students also had a duty of care to protect a student from attack by a nonstudent in a school rest room, where the employees knew or reasonably should have known the rest room was unsafe and attacks by nonstudents were likely to occur. (202 Cal.App.3d at pp. 1458-1459.) "A contrary conclusion would be wholly untenable in light of the fact that 'the right of all students to a school environment fit for learning cannot be questioned. Attendance is mandatory and the aim of all schools is to teach. Teaching and learning cannot take place without the physical and mental well-being of the students. The school premises, in short, must be safe and welcoming. . . . [¶] The public school setting is one in which governmental officials are directly in charge of children and their environs, including where they study, eat and play. . . . Further, the responsibility of school officials for each of their charges, the children, is heightened as compared to the responsibility of the police for the public in general.' (*In re William G.* (1985) 40 Cal.3d 550, 563 [221 Cal.Rptr. 118, 709 P.2d 1287].)" (*Leger* v. *Stockton Unified School Dist.*, *supra*, 202 Cal.App.3d at p. 1459.)

Our Supreme Court has held that the conduct of teachers who sexually molest students under their supervision will not be imputed to school districts to permit recovery by injured students from the employing districts under the doctrine of respondeat superior. (*John R.* v. *Oakland Unified School Dist.* (1989) 48 Cal.3d 438, 447-452 [256 Cal.Rptr. 766, 769 P.2d 948]; *Kimberly M.* v. *Los Angeles Unified School Dist.* (1989) 215

Cal.App.3d 545, 547-549 [263 Cal.Rptr. 612]; cf. *Mary M.* v. *City of Los Angeles* (1991) 54 Cal.3d 202, 213-221 [285 Cal.Rptr. 99, 814 P.2d 1341], holding the employer city liable under the doctrine of respondeat superior when a police officer on duty, by misusing his official authority, rapes a woman whom he has detained.) However, claims against school districts premised on their own direct negligence in hiring and supervising teachers may be pursued. (*John R.* v. *Oakland Unified School Dist.*, *supra*, 48 Cal.3d at p. 453.)

 ██ ██ In our case, while Ferguson's conduct in molesting Virginia G. will not be imputed to the District, if individual District employees responsible for hiring and/or supervising teachers knew or should have known of Ferguson's prior sexual misconduct toward students, and thus, that he posed a reasonably foreseeable risk of harm to students under his supervision, including Virginia G., the employees owed a duty to protect the students from such harm. (*John R.* v. *Oakland Unified School Dist.*, *supra*, 48 Cal.3d at p. 453; *Leger* v. *Stockton Unified School Dist.*, *supra*, 202 Cal.App.3d at pp. 1458-1459.)[1]

c. *Immunity.*

██ " '[I]n governmental tort cases "the rule is liability, immunity is the exception" . . . . Unless the Legislature has clearly provided for immunity,

---

[1]Contrary to Virginia G.'s assertions, Government Code section 815.6 does not provide a statutory basis for the District's liability in this case. Section 815.6 provides, in part: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty. . . ."

Virginia G. contends Education Code section 44807 is an enactment designed to protect against the injury she suffered. Section 44807 has to do with supervision of pupils, not teachers. It provides that public school teachers "shall hold pupils to a strict account for *their* conduct on the way to and from school, on the playgrounds, or during recess," and absolves teachers and supervisory personnel from civil and criminal liability for exerting reasonably necessary physical control over pupils in order to "maintain order, protect property, or protect the health and safety of pupils, or to maintain proper and appropriate conditions conducive to learning." (Italics added.) Section 44807 does not provide a basis for application of Government Code section 815.6.

Virginia G.'s argument that the District violated a mandatory duty under Education Code sections 44836 and 44010 appears to be equally unavailing. Section 44836 prohibits a district from employing or retaining in public school service persons who have been convicted of sex offenses listed in section 44010. Virginia G. alleges in her complaint and in her brief on appeal only that Ferguson was fired from a previous employment for sexually molesting his students. She does not allege he was convicted of any offense listed in section 44010, and her brief suggests only that his conviction of an unlisted offense constituted conviction of an "attempt" to commit a listed offense. We agree with the District that "attempt" as used in subdivision (h) of section 44010 connotes the specific crime of attempting to commit any of the previously listed offenses. (Pen. Code, §§ 21a, 664.)

the important societal goal of compensating injured parties for damages caused by willful or negligent acts must prevail.' (*Ramos* v. *County of Madera* (1971) 4 Cal.3d 685, 692 [94 Cal.Rptr. 421, 484 P.2d 93], citations omitted.)" (*Lopez* v. *Southern Cal. Rapid Transit Dist.*, *supra*, 40 Cal.3d at pp. 792-793.)

■■■ The District claims immunity based on Government Code sections 818.2; 815.2, subdivision (b); 820.2; and 845.

As we have stated, Virginia G. may be able to amend her pleading to allege a cause of action against the District based on the negligence of its employees who were responsible for the hiring and/or supervision of Ferguson if such employees knew or should have known of Ferguson's history of sexual misconduct with students under his supervision. Determination of the question whether the District is immune from liability to Virginia G. based on any of the foregoing provisions must await her further pleading and the requisite factual determinations, if any.

### DISPOSITION

The judgment is reversed. Costs on appeal are awarded to plaintiff and appellant.

Klein, P. J., and Croskey, J., concurred.