Filed 4/13/22; Modified and Certified for Publication 5/4/22 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| JANE DOE, | |
|        Plaintiff and Appellant, | C093099 |
|      v. | (Super. Ct. No. 192696) |
| ANDERSON UNION HIGH SCHOOL DISTRICT et al., | |
|        Defendants and Respondents. | |

Daniel Schafer, a teacher at a high school in the Anderson Union High School District (District), had a sexual relationship with one of his students, plaintiff Jane Doe, which included sexual activities in his classroom. Doe sued the District, principal Carol Germano, and superintendent Tim Azevedo for negligent hiring and negligent supervision. We refer to the defendants collectively as the District, except when being more specific is necessary to the discussion. The trial court granted the District's motion for summary judgment and entered judgment in favor of the District, finding that there was no evidence the District knew or should have known that Schafer posed a risk of harm to students.

Doe now contends the trial court erred by granting summary judgment because the District had a duty to supervise and monitor Schafer and Doe and whether the District breached its duty to Doe is a question of fact for the jury.

1

We conclude the District did not know that Schafer would have sex with Doe, and it had no information that would support a conclusion that it should have known. On this record, the District did not have a duty to review alarm data and video recordings in order to constantly monitor all teachers, students, and campus visitors, nor did it have such a duty specifically with regard to Schafer and Doe. Accordingly, we need not address the claim of breach of duty.

We will affirm the judgment.

## BACKGROUND

When Doe was 17 years old and a student at a high school in the District, she engaged in sexual activity with Daniel Schafer, a teacher at the high school, over a period of about three months. Doe told her best friend, and in September 2018, the District learned of the sexual relationship from the mother of Doe's best friend. The District immediately investigated, obtained Schafer's resignation, and notified Doe's parents and law enforcement.

Schafer had been a teacher in the District since 2012, and the District vetted him through education and law enforcement agencies and trained him on sexual harassment and child abuse. His relationship with Doe began with hand-holding and texting in Schafer's classroom. Eventually, Doe began visiting Schafer's classroom in the evening. On the first day of summer break, Doe again visited Schafer in his classroom, and they engaged in sexual activities. Through the summer, they engaged in additional sexual activities in the classroom and at Schafer's home. Schafer pleaded guilty to crimes associated with this sexual relationship.

When the District hired Schafer in 2012, there were no facts, reports, or rumors that Schafer had engaged in any improper relationship. The revelation of his relationship with Doe was a surprise to the District.

A janitor once saw Doe alone with Schafer in his classroom after school but did not see any inappropriate conduct. The janitor told the school receptionist what she had

2

seen, but because she did not think anything was wrong at the time, she did not tell principal Germano until after the District learned of the relationship and obtained Schafer's resignation.

The District maintained outside security cameras at the high school, including a camera that recorded video of the doors to Schafer's classroom. Footage from the cameras was saved for only 14 days before automatic erasure. The District's policy was to review the footage only if the District learned of an incident that may have been caught on video. The District also maintained an alarm system that covered the main building and Schafer's classroom. Each employee, including Schafer, had a code to deactivate the alarm. However, the District had not requested data from the alarm company on when alarms were deactivated or by whom.

Teachers had unrestricted access to the high school campus, but prior to the report of the relationship between Schafer and Doe, there had been no issues with teacher access. Principal Germano was the only administrator supervising the daily activities of the teachers at the high school. She was aware that teachers were on campus after hours, but she did not review video footage or alarm logs because such access had not been a problem.

In opposition to the District's motion for summary judgment, Doe submitted the declaration of David Jackson, a retired principal and school administrator. He made it a practice to obtain and review alarm logs. If he found that a teacher was spending too much time on campus late at night, Jackson would interview the teacher and, possibly, review the video footage. This review was inexpensive and cost-effective. In his opinion, principal Germano "was not simply negligent in performing her duty to monitor teachers for the protection of her students, she completely abandoned that task." Also in Jackson's opinion, "budgetary issues are never a concern when dealing with the safety of students."

3

In response to the motion for summary judgment, Doe conceded she did not have evidence to support the negligent hiring cause of action, so the trial court focused on the negligent supervision cause of action, noting that to prove negligent supervision, Doe had to show not only that Schafer posed a risk of harm, but also that the risk was foreseeable, i.e., that the District knew or should have known of the risk that Schafer posed. The trial court granted the motion for summary judgment and entered judgment against Doe.

## STANDARD OF REVIEW

" 'A trial court properly grants summary judgment when there are no triable issues of material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) "The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute." ' " (*Delgadillo v. Television Center, Inc.* (2018) 20 Cal.App.5th 1078, 1085 (*Delgadillo*).)

The party moving for summary judgment bears the burden of persuasion that there is no triable issue of material fact and that the moving party is entitled to judgment as a matter of law. (*Delgadillo, supra*, 20 Cal.App.5th at p. 1085.) We review de novo the trial court's judgment following the granting of a motion for summary judgment. (*Ibid.*)

## DISCUSSION

Doe contends summary judgment was improperly granted because the District had a duty to supervise and monitor Schafer and Doe, and the adequacy of such supervision is a question of fact for the jury.

### A

"Negligence law holds one liable for failing to use reasonable care to avoid harm to others only in those cases where one has a duty to use reasonable care. To determine liability, it is necessary to distinguish between the separate questions of whether a duty exists and whether a duty that exists has been breached by the failure to use the care that

4

a reasonable person would have used under the circumstances.  Whether a defendant has a duty to use reasonable care to avoid harm to the plaintiff is decided as a matter of law by the court.  If the court finds that a duty exists, the next question is whether the defendant used reasonable care.  It is generally the jury, as trier of fact, that decides whether the defendant used the care that a reasonable person would use under the circumstances to avoid harm to the plaintiff." (*Ky. Fried Chicken of Cal. v. Superior Court* (1997) 14 Cal.4th 814, 831-832.)

"[A] school district and its employees have a special relationship with the district's pupils, a relationship arising from the mandatory character of school attendance and the comprehensive control over students exercised by school personnel, 'analogous in many ways to the relationship between parents and their children.' [Citations.]  Because of this special relationship, imposing obligations beyond what each person generally owes others under Civil Code section 1714, the duty of care owed by school personnel includes the duty to use reasonable measures to protect students from foreseeable injury at the hands of third parties acting negligently or intentionally.  This principle has been applied in cases of employees' alleged negligence resulting in injury to a student by another student [citations], injury to a student by a nonstudent [citation] and—on facts remarkably close to the present case—injuries to a student resulting from a teacher's sexual assault (*Virginia G. v. ABC Unified School Dist.* (1993) 15 Cal.App.4th 1848, 1851, 1855)." (*C.A. v. William S. Hart Union High School Dist.* (2012) 53 Cal.4th 861, 869-870, fn. omitted (*C.A.*).)

"Responsibility for the safety of public school students is not borne solely by instructional personnel.  School principals and other supervisory employees, to the extent their duties include overseeing the educational environment and the performance of teachers and counselors, also have the responsibility of taking reasonable measures to guard pupils against harassment and abuse from foreseeable sources, including any

5

teachers or counselors they know or have reason to know are prone to such abuse. [Citations.]" (*C.A., supra*, 53 Cal.4th at p. 871.)

In *C.A.*, a high school guidance counselor engaged in sexual activities with a student. (*C.A., supra*, 53 Cal.4th at p. 866.) The student sued the school district, alleging the school district knew or should have known the guidance counselor had engaged in unlawful sexual activities with minors in the past. (*Ibid*.) The California Supreme Court noted that the school district could be liable for the administrators' hiring and retaining the guidance counselor and failing to properly supervise her. (*Id*. at pp. 875.) However, the duty to students relating to hiring, retaining, and supervising a school employee has limits. As the court explained, "a district's liability must be based on *evidence* of negligent hiring, supervision or retention, not on assumptions or speculation. That an individual school employee has committed sexual misconduct with a student or students does not of itself establish, or raise any presumption, that the employing district should bear liability for the resulting injuries." (*Id*. at p. 878, original italics.)

The discussion of school district liability in *C.A.* does not recognize a distinction between a school district's duty in hiring as opposed to supervision. Doe nevertheless maintains there is such a distinction. She claims the duty in hiring considers whether the school district knew or should have known that the teacher posed a risk of harm to students, whereas the duty of supervision does not. We disagree. Even if the legal analysis in a hiring case might be different than the analysis in a supervision case, both require a reasonably foreseeable risk of harm to support a duty. (*Thompson v. Sacramento City Unified Sch. Dist.* (2003) 107 Cal.App.4th 1352, 1372 (*Thompson*).)

In *Dailey v. Los Angeles Unified Sch. Dist.* (1970) 2 Cal.3d 741, a student died during lunch recess in an area under the supervision of a school's physical education department. At a time when no teachers were present in the area, two students, including the decedent, engaged in a game of slap-boxing, during which the decedent fell to the ground, hit his head, and ultimately died. (*Id*. at pp. 745-746.) The decedent's parents

6

sued the school district, alleging negligence in failing to provide adequate supervision. (*Id*. at p. 744.) After the trial court entered a directed verdict for the school district, the California Supreme Court reversed, concluding there was sufficient evidence to support a verdict based on negligent supervision. (*Id*. at pp. 744-745, 750-751.) But the basis for the duty was the foreseeability of harm during recess and lunch periods. "Supervision during recess and lunch periods is required, in part, so that discipline may be maintained and student conduct regulated. Such regulation is necessary precisely because of the commonly known tendency of students to engage in aggressive and impulsive behavior which exposes them and their peers to the risk of serious physical harm." (*Id.* at p. 748.)

The District's duty of supervision was limited to the risks of harm that were reasonably foreseeable, i.e., that were known to the District or that reasonably should have been known to the District. (*Thompson, supra*, 107 Cal.App.4th at p. 1372.) School districts are not the insurers of the physical safety of students (*id.* at p. 1372), and "[s]tudents are not at risk merely because they are at school. [Citation.] A contrary conclusion would unreasonably 'require virtual round-the-clock supervision or prison-tight security for school premises . . . .' [Citation.]" (*Leger v. Stockton Unified School Dist.* (1988) 202 Cal.App.3d 1448, 1459 (*Leger*).)

B

Although she does not cite authority for the proposition, Doe argues sexual abuse between school employees and students is foreseeable.

"Foreseeability supports a duty only to the extent it is reasonable, because rarely is anything completely unforeseeable. (*Sturgeon [v. Curnutt* (1994)] 29 Cal.App.4th [301,] 307 [(*Sturgeon*)] ['On a clear day, you can foresee forever.']; *Weirum v. RKO General, Inc.* (1975) 15 Cal.3d 40, 47 ['virtually every act involves some conceivable danger'].) Courts use a subjective reasonableness standard in determining whether the degree of foreseeability is high enough to impose a duty on the defendant to act on it. (*Sturgeon,* at p. 307.)" (*Tucker v. CBS Radio Stations, Inc.* (2011) 194 Cal.App.4th 1246, 1253.)

7

The California Supreme Court has rejected the proposition that sexual misconduct is foreseeable any time a minor and an adult are alone together in a room.  (*John R. v. Oakland Unified School Dist.* (1989) 48 Cal.3d 438, 450, fn. 9.)  Here, the District did not know that Schafer would have sex with Doe, and it had no information that would support a conclusion that it should have known.  On this record, the District did not have a duty to review alarm data and video recordings to constantly monitor all teachers, students, and campus visitors, nor did it have such a duty specifically with regard to Schafer and Doe.  To impose such a duty on this record would be unreasonable.  (*Leger, supra*, 202 Cal.App.3d at p. 1459.)

Because the facts of this case do not establish the duty required to succeed on a negligent supervision cause of action, Doe's contentions lack merit, and we need not address the claim of breach of duty.

DISPOSITION

The judgment is affirmed.  The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a).)


        /S/

MAURO, Acting P. J.


We concur:


      /S/

DUARTE, J.


      /S/

HOCH, J.

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| JANE DOE, | |
| Plaintiff and Appellant, | C093099 |
| v. | (Super. Ct. No. 192696) |
| ANDERSON UNION HIGH SCHOOL DISTRICT et al., | ORDER MODIFYING OPINION AND GRANTING REQUESTS FOR PUBLICATION |
| Defendants and Respondents. | [NO CHANGE IN JUDGMENT] |

APPEAL from a judgment of the Superior Court of Shasta County, Stephen H. Baker, Judge.  Affirmed.

Reiner, Slaughter, Mainzer & Frankel, Russell Reiner, and Rick Lundblade, Swanson Law Office and Mark D. Norcross for Plaintiff and Appellant.

Morgan & Kelley and John P. Kelley, for Defendants and Respondents.

THE COURT:

It is ordered that the opinion filed in this case on April 13, 2022, be modified as follows:

On page 1, first full paragraph, last sentence, remove the word "that" so that the sentence now reads:

The trial court granted the District's motion for summary judgment and entered judgment in favor of the District, finding there was no evidence the District knew or should have known that Schafer posed a risk of harm to students.

On page 2, first full paragraph, remove the first sentence beginning with "We conclude" and replace with the following:

We conclude the District did not know Schafer would have sex with Doe, and it had no information to support a conclusion that it should have known.

On page 6, first full paragraph, eighth sentence, remove "As the court explained" and replace with "(*Id*. at pp. 877-878.)  And ultimately," so that the new sentences now read:

(*Id*. at pp. 877-878.)  And ultimately, "a district's liability must be based on *evidence* of negligent hiring, supervision or retention, not on assumptions or speculation. That an individual school employee has committed sexual misconduct with a student or students does not of itself establish, or raise any presumption, that the employing district should bear liability for the resulting injuries."  (*Id*. at p. 878, original italics.)

On page 6, second full paragraph, remove the first sentence beginning with "The discussion" and the second sentence beginning with "Doe nevertheless" and replace with the following:

Doe nevertheless urges a distinction between a school district's duty in hiring as opposed to supervision.

2

On page 6, second full paragraph, remove the last sentence beginning with "(*Thompson v. Sacramento*" and replace with the following:

(*Virginia G. v. ABC Unified School Dist., supra*, 15 Cal.App.4th at p. 1855.) If the court concludes the injury was not reasonably foreseeable, there is no duty. (*Sturgeon v. Curnutt* (1994) 29 Cal.App.4th 301, 306 (*Sturgeon*).)

On page 7, remove the first full paragraph beginning with "The District's duty" and replace with the following:

The District's duty of supervision was limited to the risks of harm that were reasonably foreseeable, i.e., that were known to the District or that reasonably should have been known to the District. (*Virginia G. v. ABC Unified School Dist., supra*, 15 Cal.App.4th at p. 1855.) School districts are not the insurers of the physical safety of students (*Thompson v. Sacramento City Unified School Dist.* (2003) 107 Cal.App.4th 1352, 1371), and "[s]tudents are not at risk merely because they are at school. [Citation.] A contrary conclusion would unreasonably 'require virtual round-the-clock supervision or prison-tight security for school premises . . . .' [Citation.]" (*Leger v. Stockton Unified School Dist.* (1988) 202 Cal.App.3d 1448, 1459 (*Leger*).)

On page 7, Discussion part B, remove the second full paragraph beginning with " 'Foreseeability supports" and replace with the following:

"Foreseeability supports a duty only to the extent it is reasonable, because rarely is anything completely unforeseeable. (*Sturgeon, supra*, 29 Cal.App.4th at p. 307 ['On a clear day, you can foresee forever.']; *Weirum v. RKO General, Inc.* (1975) 15 Cal.3d 40, 47 ['virtually every act involves some conceivable danger'].) Courts use a subjective reasonableness standard in determining whether the degree of foreseeability is high enough to impose a duty on the defendant to act on it. (*Sturgeon, supra*, at p. 307.)" (*Tucker v. CBS Radio Stations, Inc.* (2011) 194 Cal.App.4th 1246, 1253.)

3

On page 8, first full paragraph, remove the third sentence beginning with "Here, the District" and replace with the following:

Here, the District did not know Schafer would have sex with Doe, and it had no information to support a conclusion that it should have known.

This modification does not change the judgment.

The opinion in the above-entitled matter filed on April 13, 2022, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

FOR THE COURT:

_____/S/_____
MAURO, Acting P. J.

_____/S/_____
DUARTE, J.

_____/S/_____,
HOCH, J.