Filed 12/18/14  Williams v. County of San Bernardino CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| BARBARA ANN WILLIAMS et al., | |
| Plaintiffs and Appellants, | E057635 |
| v. | (Super.Ct.No. CIVSS705974) |
| COUNTY OF SAN BERNARDINO et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  John M. Pacheco, Judge.  Affirmed.

Law Offices of Rob Hennig, Rob Hennig and Brandon Ruiz for Plaintiffs and Appellants.

Gutierrez, Preciado & House, Calvin House and Clifton A. Baker for Defendants and Respondents.

Plaintiffs and appellants Barbara Ann Williams, Shelda Vinson, and Karen Branch appeal from the judgment dismissing their action against defendants and respondents County of San Bernardino (County) and Patricia Wilson based on plaintiffs' failure to

bring the action to trial within five years (Code Civ. Proc.,[1] §§ 583.310 (five-year statute) and 583.360).  Plaintiffs contend the trial court applied the wrong standard in denying their ex parte application to preferentially set the case for trial, abused its discretion in dismissing the case in its entirety, and improperly heard and decided defendants' motions for partial summary judgment/adjudication.  Rejecting these contentions, we affirm.

## I.  PROCEDURAL HISTORY[2]

This employment discrimination and wrongful termination action was initiated on September 11, 2007, relating to plaintiffs' employment at County.  On February 13, 2009, plaintiffs added class action allegations.  More than three years later, on April 5, 2012, defendants moved to strike the class action allegations.  Thirteen days later, on April 18, 2012, plaintiffs responded by moving to certify the class as to "[a]ll non-[W]hite . . . [or alternatively, African-American] persons who are employed by or have been employed by or who applied for employment with Defendant County . . . [or alternatively, at Arrowhead Regional Medical Center] during the class period (August 25, 2005, to the present)" pursuant to Code of Civil Procedure section 382 and California Rules of Court, rule 3.764.  The court denied plaintiffs' motion on May 25, 2012.

From February 2009 through May 2012, the court held at least three trial setting conferences and at least six case management conferences.  Plaintiffs never asked for a trial date, nor did they take any further steps to manage the progress of their case to trial.

---

[1]  All further undesignated statutory references are to the Code of Civil Procedure.

[2]  The dispositive issue on appeal is the propriety of the dismissal of this action for failure to bring the case to trial within five years.  We will therefore limit our discussion of the facts to those necessary to address this issue.

Rather, the record shows that on May 19, 2011, plaintiffs informed the court of their intent "to file a motion for class certification and request additional time from the court." (Capitalization omitted.)  On December 5, 2011, plaintiffs requested a date for the motion for classification be reserved and that the case management conference be continued to that same date.  Class certification was denied on May 25, 2012, and on July 31, 2012, the court agreed that plaintiffs' individual "class" claims still remained for adjudication. On August 13, 2012, plaintiffs moved, ex parte, to specially set what remained of their case for trial on or before September 11, 2012 (five-year statute would run on that date). The court denied the motion on the grounds that plaintiffs failed to demonstrate diligence. Rejecting plaintiffs' claim that they deserved special treatment because they had been pursuing a putative class action for three years, the court observed:  "Counsel for Plaintiff[s] does not adequately state why he contends that it was 'impracticable' nor does he state any factual basis that the there was any inhibiting factor which precluded him from filing the motion earlier.  Counsel . . . also does not state why he waited two and one[-]half months [following the denial of class certification] to file his ex parte motion." Regarding plaintiffs' argument that County should be estopped from opposing special setting, the court noted the absence of any evidence that County conducted itself in any way to invoke the doctrine of equitable estoppel.

On August 27, 2012, defendants moved for dismissal of this action pursuant to sections 583.310 and 583.360.  On September 26, 2012, the court found that plaintiffs had failed to act with diligence in bringing the case to trial, and ordered the action dismissed.  Plaintiffs timely appealed.

3

## II. DISCUSSION

Plaintiffs contend the trial court (1) abused its discretion in not setting a trial date at the ex parte hearing after indicating that its calendar was free to do so; (2) erred in dismissing this action in its entirety; (3) heard and decided three motions for partial summary judgment in violation of section 437c, subdivision (f)(1); and (4) improperly granted each of the motions for partial summary adjudication.

**A. The Trial Court Did Not Abuse Its Discretion in Refusing to Specially Set the Case for Trial and Dismissing the Action for Failure to Prosecute**

According to plaintiffs, the trial court abused its discretion in refusing to specially set the case for trial because it incorrectly applied "the legal analysis used in a motion to dismiss rather than as to an ex parte application seeking to set a trial date or shortened notice for a motion to set a trial date." (Italics omitted.) However, the same standard applies to both "the trial court's discretionary decision to deny the motion to preferentially set under section 36, subdivision (e),[3] to avoid the five-year dismissal statute, and its decision to dismiss the case on discretionary grounds under section 583.410, subdivision (a)." (*Howard v. Thrifty Drug & Discount Stores* (1995) 10 Cal.4th 424, 440, fn. 6; see also *Wilson v. Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 560-561.) Thus, we will consider the trial court's discretionary decision to deny plaintiffs' motion to preferentially set under section 36, subdivision (e), simultaneously with its decision to dismiss the case on discretionary grounds.

---

[3] "Notwithstanding any other provision of law, the court may in its discretion grant a motion for preference that is supported by a showing that satisfies the court that the interests of justice will be served by granting this preference." (§ 36, subd. (e).)

*1. General Principles*

Under section 583.310, "[a]n action shall be brought to trial within five years after the action is commenced against the defendant."  Section 583.360 goes on to state: "(a) An action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed in this article.  [¶]  (b) The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."

Despite a "preference for disposition on the merits, the decision whether to grant a motion to specially set a case for trial remains within the sound discretion of the court. . . .  A plaintiff is not automatically entitled to a preferential trial setting merely because a failure to specially set would lead to an expiration of the five-year statute.  [Citation.]  Rather, he or she must generally make 'some showing of excusable delay' in order to receive the preferential trial date.  [Citation.]  Once a threshold of excusable delay is shown, however, the trial court still retains discretion to deny the motion, but that discretion 'IS NOT WHOLLY UNFETTERED:  [the court] must consider the "total picture."'  [Citations.]  The factors to be taken into account in assessing this 'total picture' are essentially the ones prescribed when a court is considering a motion for a discretionary dismissal under California Rules of Court, rule [3.1342(e)].[4]  [Citation.]"

---

**4** California Rules of Court, rule 3.1342(e) provides:  "In ruling on the motion [to discretionarily dismiss], the court must consider all matters relevant to a proper determination of the motion, including:  [¶]  (1) The court's file in the case and the declarations and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process;  [¶] (2) The diligence in seeking to effect service of process;  [¶]  (3) The extent to which the

*[footnote continued on next page]*

(*Howard v. Thrifty Drug & Discount Stores*, *supra*, 10 Cal.4th at pp. 440-441, fn. omitted.)

Section 583.340 provides for excuses or extensions of the five-year period, stating: "In computing the time within which an action must be brought to trial pursuant to this article, there shall be excluded the time during which any of the following conditions existed: [¶] (a) The jurisdiction of the court to try the action was suspended. [¶] (b) Prosecution or trial of the action was stayed or enjoined. [¶] (c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile." Plaintiffs' argument on appeal for dismissal of the trial court's judgment rests primarily on subdivision (c). Under that subdivision, "the trial court must determine what is impossible, impracticable, or futile 'in light of all the circumstances in the individual case, including the acts and conduct of the parties and the nature of the proceedings themselves. [Citations.] The critical factor in applying these exceptions to a given factual situation is whether the plaintiff *exercised reasonable diligence in prosecuting his or her case.*' [Citations.]" (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717,

---

*[footnote continued from previous page]*

parties engaged in any settlement negotiations or discussions; [¶] (4) The diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; [¶] (5) The nature and complexity of the case; [¶] (6) The law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; [¶] (7) The nature of any extensions of time or other delay attributable to either party; [¶] (8) The condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; [¶] (9) Whether the interests of justice are best served by dismissal or trial of the case; and [¶] (10) Any other fact or circumstance relevant to a fair determination of the issue. The court must be guided by the policies set forth in Code of Civil Procedure section 583.130."

731, italics added.)  What is impossible, impracticable, or futile is determined in light of all the circumstances of a case, and must be liberally construed, consistent with the policy favoring trial on the merits.  (*Sanchez v. City of Los Angeles* (2003) 109 Cal.App.4th 1262, 1270.)  The plaintiff has the burden to:  (1) prove a circumstance of impracticability; (2) demonstrate a causal connection between that circumstance and failure to move the case to trial; and also (3) prove that he or she has exercised "'reasonable diligence' in prosecuting the case."  (*Tamburina v. Combined Ins. Co. of America* (2007) 147 Cal.App.4th 323, 328, 333, 336.)

[T]he determination "of whether the prosecution of an action was indeed impossible, impracticable, or futile during any period of time, and hence, the determination of whether the impossibility exception to the five-year statute applies, is a matter within the trial court's discretion.  Such determination will not be disturbed on appeal unless an abuse of discretion is shown.  [Citations.]"  (*Hughes v. Kimble* (1992) 5 Cal.App.4th 59, 71.)  Reversible abuse of discretion "exists only if there is no reasonable basis for the trial court's action, so that the trial court's decision exceeds the bounds of reason.  [Citations.]"  (*Sanchez v. City of Los Angeles, supra,* 109 Cal.App.4th at p. 1271.)  Thus, the issue before us is whether plaintiffs have shown that there was no reasonable basis for the trial court to dismiss their action for failure to bring their claims within the statutory period.

2. *Analysis*

According to plaintiffs, the trial court erred in dismissing their action because it failed to toll this case (for three years and 102 days while it was maintained as a putative

7

class action) until class certification was determined, it controlled the pace of the litigation by virtue of its active case management, and it failed to rule that defendants were estopped from "attempting to seek dismissal" based on their actions of prematurely filing a proposed judgment.

### a. Tolling

Plaintiffs argue that case law supports "the proposition that no substantive issues can or should be resolved *until* a determination of whether the case should proceed as a class" because it is judicially efficient and wards against plaintiffs electing to stay in a class after receiving a favorable ruling but opt out after an unfavorable one. (*Home Sav. & Loan Assn. v. Superior Court* (1976) 54 Cal.App.3d 208, 214 [summary judgment was improper prior to adjudication of the procedural class-action issues, including determination and notification of the classes involved]; *Fireside Bank v. Superior Court* (2007) 40 Cal.4th 1069, 1081 ["'whether the motion to certify or decertify be made by the plaintiff or the defendant, [it must] be determined "before the decision on the merits."'"].) Furthermore, because courts have tolled the statutes of limitation on substantive claims of class members until certification has been determined, plaintiffs assert that "it would be irrational not to apply the same principle of tolling with regard to the five year requirement to bring a case to trial." (*Becker v. McMillin Construction Co.* (1991) 226 Cal.App.3d 1493, 1498 ["'[U]nder limited circumstances, if class certification is denied, the statute of limitations is tolled from the time of commencement of the suit to the time of denial of certification for all purported members of the class who either make timely motions to intervene in the surviving individual action, . . . or who timely file their

8

individual actions [citation].'"].)  Notwithstanding the above, plaintiffs recognize the purpose of section 583.340 "is to 'prevent *avoidable* delay for too long a period . . . not . . . arbitrarily to close the proceeding at all events in five years.'  [Citation] . . . ."  (*Brunzell Constr. Co. v. Wagner* (1970) 2 Cal.3d 545, 551.)

Acknowledging the need to adjudicate procedural class-action issues prior to making any determination of the merits of the claims, defendants challenge plaintiffs' assertion that "the running of the five-year statute must be tolled from the insertion of class action allegations into a case until the issue of class certification is determined."  Defendants note the lack of any case law that supports plaintiffs' assertion and argue that "[p]laintiffs who make class action allegations have the same obligation to prosecute their cases diligently as other plaintiffs."  In fact, state policy favors prompt and early class determinations "in order to permit class members to elect whether to proceed as members of the class, to intervene with their own counsel, or to be excluded from the class action."  (*Massey v. Bank of America* (1976) 56 Cal.App.3d 29, 32 [dismissal after a nearly five-year delay].)

Here, because plaintiffs' complaint contained class allegations, it was their burden to secure a determination of the class in a timely manner.  The action was initiated on September 11, 2007, class allegations were added on February 13, 2009, defendants moved to strike the class allegations on April 5, 2012, and plaintiffs moved to certify the class on April 18, 2012, less than five months prior to the expiration of the five years from the date the action was commenced.  Plaintiffs note that defendants refused to stipulate to extend the five-year period; however, their only reason for claiming that it

was impossible to bring the case to trial in a timely manner was the lack of class certification. Nonetheless, plaintiffs fail to provide any explanation as to their three-year delay in seeking certification after adding class allegations. Absent such explanation, there is no basis to toll the mandatory five-year period.

### b. Case management

Plaintiffs assert "the five year statute is the relic of civil practice in a different era—when cases were managed by the litigants and not by the courts." They claim that the "California Trial Court Delay Reduction Act completely changed the groundrules [*sic*] for managing civil cases." Citing California Rules of Court, rule 3.713(c) and Government Code section 68607, plaintiffs argue that it was the trial court's responsibility for controlling the pace of the litigation by virtue of its active case management, and thus "any untoward delay in this litigation proceeding to trial is the responsibility of the trial court, not the parties." We reject this argument.

Government Code section 68607, in relevant part, provides: "In accordance with this article and consistent with statute, *judges shall have the responsibility to eliminate delay* in the progress and ultimate resolution of litigation, *to assume and maintain control over the pace of litigation*, *to actively manage* the processing of litigation from commencement to disposition, and to compel attorneys and litigants to prepare and resolve all litigation without delay, from the filing of the first document invoking court jurisdiction to final disposition of the action." (Italics added.) According to plaintiffs it is the trial courts, not the litigants, who control the pace of the litigation. Not so. Nowhere in the above-quoted language, or anywhere else in the statutes cited by

10

plaintiffs, does it provide that judges have the *exclusive* responsibility to manage the pace of the litigation. Absent such defining language, logic dictates that the responsibility of moving cases along is shared by both litigants and judges.

Plaintiffs at oral argument (and in their briefing), asked this court to "harmonize" the five-year statute (Code Civ. Proc., § 583.310) with Government Code section 68607. We believe that such harmony exists. After an action is initiated, the court holds various conferences, such as status, case management, and trial setting. Here, there were no less than six case management conferences and three trial setting conferences from February 2009 through May 2012. We decline to require our overburdened courts to micromanage each case on their docket, and remove any responsibility from litigants and/or their attorneys.

"A plaintiff has an obligation to monitor the case in the trial court, to keep track of relevant dates, and to determine whether any filing, scheduling, or calendaring errors have occurred. This obligation of diligence increases as the five-year deadline approaches. [Citations.]" (*Jordan v. Superstar Sandcars* (2010) 182 Cal.App.4th 1416, 1422 [Fourth Dist., Div. Two]; see also *Wilshire Bundy Corp. v. Auerbach* (1991) 228 Cal.App.3d 1280, 1286-1289 ["The diligent plaintiff has no need for a tolling period. An available remedy is at hand to correct calendaring or other errors made by the court or its clerk in the scheduling of a case. Upon timely discovery of the problem, a motion to specially set may be made and the court is bound to grant it."].)

11

c. Estoppel

Following the trial court's denial of class certification on May 25, 2012, defendants submitted a proposed judgment in their favor on the grounds the trial court had previously determined that plaintiffs' claims lacked merit. On June 21, 2012, plaintiffs filed their objection to the proposed judgment, and on July 31, 2012, the trial court ruled that the proposed judgment was premature because plaintiffs' individual class claims remained. On appeal, plaintiffs contend defendants' premature action of filing the proposed judgment delayed the setting of a trial date until it became too late to do so, and thus, defendants should have been estopped from "attempting to seek dismissal."

Under the doctrine of estoppel, "'"a person may not lull another into a false sense of security by conduct causing the latter to forebear to do something which he otherwise would have done and then take advantage of the inaction caused by his own conduct." [Citations.]'" (*Holder v. Sheet Metal Worker's Internat. Assn.* (1981) 121 Cal.App.3d 321, 325 (*Holder*).) In *Holder*, after the defendant's counsel requested and was granted a continuance of trial until a date after the three-year deadline of former section 583, subdivision (c) had run, the defendant's counsel then sought and obtained a dismissal of the action on the ground that more than three years had expired. (*Holder*, *supra*, at p. 324.) The Court of Appeal reversed, holding that "[w]hen a defendant selects a trial date beyond the three-year period, he shows his willingness to excuse delay and his apparent satisfaction with his state of preparedness for trial. . . . [T]o deny the application of estoppel is tantamount to giving a judicial imprimatur to the conduct of lawyers inconsistent with their role as officers of the court. . . . Here, [defense counsel]

12

represented to opposing counsel he wished to continue the case for trial. In his motion for continuance he made that same representation to the court. Having made that bargain, he is bound by it." (*Id.* at p. 327.)

Defendants' actions in this case were nothing like those described in *Holder.* In fact, we are at a loss as to how defendants' act of filing a proposed judgment could have prevented plaintiffs from simultaneously filing a motion to specially set the case for trial. Having failed to offer any explanation as to why defendants' act prevented them from exercising reasonable diligence, plaintiffs have not established estoppel.

For the above reasons, we conclude the trial court did not abuse its discretion in denying plaintiffs' motion to specially set the case for trial and defendants' motion to dismiss pursuant to sections 583.310 and 583.360.[5]

---

[5] On December 24, 2013, plaintiffs' counsel alerted this court to the opinion in *Gaines v. Fidelity National Title Ins. Co.* (2013) 222 Cal.App.4th 25, review granted April 16, 2014 (S215990), and argued that plaintiffs Branch and Vinson "believe this may apply to their circumstances," because they were not brought into this action until 2010. Acknowledging that "this issue was not argued before the trial court and also not fully briefed before the Court of Appeal," counsel "welcome[s]" the opportunity to do so. We decline to provide such opportunity because the Supreme Court has granted review and ordered the case depublished. More importantly, plaintiffs' failure to assert this issue at the trial court level deems it waived or forfeited for purposes of appeal. (*Barker v. Brown & Williamson Tobacco Corp.* (2001) 88 Cal.App.4th 42, 50 [the plaintiff waived the issue of delayed accrual of the limitations period by failing to raise the issue below]; *Phillippe v. Shapell Industries* (1987) 43 Cal.3d 1247, 1256 [a party may not raise a new theory for the first time on appeal]; and *Karlsson v. Ford Motor Co.* (2006) 140 Cal.App.4th 1202, 1227 [a party waived error by failing to object to improper argument of counsel in the trial court].)

**B. We Need Not Decide Whether the Trial Court's Hearing and Granting Partial Summary Judgment/Adjudication Was Improper**

Plaintiffs contend the trial court improperly heard and decided defendants' motions for partial summary judgment/adjudication.  However, because we have concluded the case was properly dismissed pursuant to sections 583.310 and 583.360, we need not reach these issues.

## III.  DISPOSITION

The judgment is affirmed.  Defendants are to recover their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:

RAMIREZ
P.J.

MILLER
J.

14